UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**TONYA BOWLES**, for herself
and all those similarly situated,

      Plaintiff,
and

**BRUCE TAYLOR**, for himself
and all those similarly situated,

      Plaintiffs,

v.                                           Case No. 20-cv-12838-LVP-KGA
                                             Honorable Linda V. Parker
                                             Mag. Judge Kimberly G. Altman

**COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS** also sometimes
known as **CHARTER COUNTY OF WAYNE
by its BOARD OF COMMISSIONERS,
ERIC R. SABREE**, in his official and
personal capacity, **COUNTY OF OAKLAND
by its BOARD OF COMMISSIONERS,** and
**ANDREW MEISNER**, in his official and personal
capacity,

      Defendants.

---

**JOINT MOTION OF PLAINTIFF BRUCE TAYLOR
AND THE OAKLAND COUNTY DEFENDANTS
FOR APPROVAL OF NOTICE PLAN
AND APPOINTMENT OF CLAIMS ADMINISTRATOR**

---

      Plaintiff Bruce Taylor and Defendants Oakland County and Oakland County

Treasurer Andrew Meisner jointly move the Court to approve the proposed notice

process, approve the proposed Notice, Claim Form, and Request to Opt Out, and to appoint Simpluris, Inc. as the Claims Administrator for the following reasons.

1.   In this case involving claims to surplus proceeds from tax auctions following foreclosure, Plaintiffs and Oakland County engaged an experienced class action mediator and have tentatively agreed to a settlement. A motion for preliminary approval of the settlement is being filed contemporaneously with this motion.

2.   Under Fed. R. Civ. P. 23, the Court must approve the notice procedures, the proposed Notice, the Claim Form, and the Request to Opt Out and ensure each complies with the requirements of due process.

3.   As explained in the attached brief, the parties have agreed to documents and procedures that address Fed. R. Civ. P. 23 and afford due process so that class members may exercise their legal rights.

4.   In addition, the Court should appoint Simpluris, Inc. as the Claims Administrator. Simpluris is an experienced class action claims administrator specializing in claims processing and settlement fund administration.

**WHEREFORE**, the parties request the Court to do the following:

A.   Approve the proposed notice process to advise class members of the settlement and their legal rights.

  B. Approve the proposed Notice form, the Claim form, and the Request to Opt Out.

  C. Appoint Simpluris, Inc. as the Claims Administrator.

         **The Law Offices of Aaron D. Cox, PLLC**

         By: /s/ Aaron D. Cox
           AARON D. COX (P69346)
           Co-Counsel for Plaintiffs
           The Law Offices of Aaron D. Cox, PLLC
           23820 Eureka Rd.
           Taylor, Michigan 48180
           (734) 287-3664
           aaron@aaroncoxlaw.com

         **Giarmarco, Mullins & Horton, P.C.**

         By: /s/ William H. Horton
           **WILLIAM H. HORTON** (P31567)
           Attorney for Defendants Oakland
           County and Andrew E. Meisner
           101 West Big Beaver Road, Tenth Floor
           Troy, Michigan 48084-5280
           (248) 457-7000
           bhorton@gmhlaw.com

Date: July 26, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**TONYA BOWLES**, for herself
and all those similarly situated,

            Plaintiff,
and

**BRUCE TAYLOR**, for himself
and all those similarly situated,

           Plaintiffs,
v.                                       Case No. 20-cv-12838-LVP-KGA
                                        Honorable Linda V. Parker
                                        Mag. Judge Kimberly G. Altman

**COUNTY OF WAYNE by its BOARD
OF COMMISSIONERS** also sometimes
known as **CHARTER COUNTY OF WAYNE
by its BOARD OF COMMISSIONERS,
ERIC R. SABREE**, in his official and
personal capacity, **COUNTY OF OAKLAND
by its BOARD OF COMMISSIONERS,** and
**ANDREW MEISNER**, in his official and personal
capacity,

           Defendants.
_____

**BRIEF IN SUPPORT OF JOINT MOTION OF PLAINTIFF BRUCE
TAYLOR AND THE OAKLAND COUNTY DEFENDANTS
FOR APPROVAL OF NOTICE PLAN
AND APPOINTMENT OF CLAIMS ADMINISTRATOR**
_____

## **TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES ................................................................................... iii  
INTRODUCTION ................................................................................................ 1  
BACKGROUND .................................................................................................. 1  
THE PROPOSED NOTICE PROCESS ................................................................ 2  
THE PROPOSED CLAIMS ADMINISTRATOR ................................................ 11  
CONCLUSION .................................................................................................... 11

# INDEX OF AUTHORITIES

Page

**Cases**

*Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 290 (W.D. Ky. 2014)............10

*Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008). ....................................................2

*Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012).....................6

*Hart v. City of Detroit*, 416 Mich. 488, 503 (1982)...................................................3

*Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir. 2005). ...............................2

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, (1950) ................2

*Rafaeli v. Oakland County,* 505 Mich. at 477 .......................................................2, 10

**Rules**

Fed. R. Civ. P. 23. ......................................................................................................1

Fed. R. Civ. P. 23(c)(2)(b) .....................................................................................3, 5

Fed. R. Civ. P. 23(c)(2)(B). ........................................................................................2

Fed. R. Civ. P. 23(e)(1)...............................................................................................2

## INTRODUCTION

Plaintiff Bruce Taylor and the Oakland County Defendants have worked together to formulate a notice plan, proposed notices, a claim form and a request to opt out. The parties have also agreed on Simpluris, Inc. as a claims administrator. The parties believe the plan and notices comply with the law and that Simpluris is an experienced and appropriate claims administrator.

## BACKGROUND

In this action regarding the retention of surplus proceeds following the auction of foreclosed real estate, the parties, with the assistance of an experienced class action mediator, have reached a tentative settlement.

The Settlement Agreement, attached to the parties' joint motion for preliminary approval of the settlement, requires the claims administrator to send notice to the class members and to administer claims. The notice process, described below, has been designed to provide former property owners with notice of the proposed settlement and their legal rights regarding the claims process. The proposed Notice, Claim Form, and Request to Opt Out are drafted in plain language, are easy-to-understand, and contain information that complies with Fed. R. Civ. P. 23.

## THE PROPOSED NOTICE PROCESS

1. **The proposed notice procedures.**

Under Fed. R. Civ. P. 23(e)(1), the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Additionally, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

Due process requires that unnamed class members have notice of the settlement of a class action. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). The notice must be "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir. 2005).

Due process does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action. *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008).

Settlement Class Period. The parties have agreed to a class that encompasses claims from June 8, 2009 through June 30, 2022. This period includes claims that have been made in both Michigan courts and this Court. The original Michigan putative class action, *Rafaeli v. Oakland County,* was filed in the Oakland County Circuit Court on June 8, 2015. The limitations period for a takings claim under

2

Michigan law is six years. *Hart v. City of Detroit*, 416 Mich. 488, 503 (1982). Accordingly, the parties have agreed to a settlement class period that encompasses claims that were tolled when the first Michigan putative class action was filed – back to June 8, 2009.

<u>Identification of Class Members</u>. The identity of the persons foreclosed is known because they were all foreclosed in the state court foreclosure proceedings following an ownership records search. The OC Defendants have prepared detailed spreadsheets based on their records of the identity of the property owner at the time of the foreclosure and Plaintiffs have had an opportunity to review those records.

<u>Notice Procedures</u>. The notice plan is focused on providing direct notice to class members via first-class mail to their current, most probable address. In addition, a website will be established, a call center will be staffed where class members can obtain information on the settlement, and notice will be published in The Oakland Press.

Fed. R. Civ. P. 23(c)(2)(b) states that "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." The proposed Notice has five steps of direct and indirect notification that comply with the Rule.

**First**, the OC Defendants will provide the proposed claims administrator, Simpluris, with the name of each class member and the property address which was

3

foreclosed. Simpluris will search each name through the United States Postal Service database of change-of-address records. The database contains 160 million records and is updated every 24 hours. If a change of address form is on file for a class member, it will be found through this search. The proposed Notice, Claim Form, and Request to Opt Out will be mailed directly to the most recent address via first-class mail.

If a class member does not have a change-of-address on file with the United States Postal Service, Simpluris will initiate a search through the IDidata, a service which combines hundreds of publicly-available records as well as its proprietary database. The IDidata reports are detailed with information on previous known addresses of the class members and state the most probable current address.

Once a class member is identified and an address or probable address is located, the proposed Notice, Claim Form, and Request to Opt Out will be mailed to that address along with a postage prepaid return envelope, to make it easier to make a claim.

**Second**, if the Notice and forms are returned by the United States Postal Service as undeliverable, Simpluris will run a second skip trace search on those class members through a LexisNexis search tool called Accurint. LexisNexis Accurint compiles information from public and private records from thousands of reliable

4

sources. The Notice and forms will then be mailed to that address with a postage prepaid return envelope.

**Third**, an informational website will be available to explain class members' rights and options. It will have information about the settlement, a frequently asked questions section, a list of important dates, and contact information for Class Counsel and the Claims Administrator.

**Fourth**, Simpluris will establish a call center with live customer service representatives available five days a week during certain business hours. Call center employees will be able to answer frequently asked questions and provide general information about the settlement and deadlines. Class members will be directed to contact Class Counsel for more specific information.

**Fifth**, a notice will be published in The Oakland Press once a week for three weeks. The notice will contain the same information as the proposed Notice, although in a different format suitable for publication in a newspaper.

2. **The content of the proposed Notice.**

The proposed Notice is attached as Exhibit A. Fed. R. Civ. P. 23(c)(2)(b) requires the Notice to provide the following information:

> The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;

5

>> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

As the Sixth Circuit has stated:

> All that the notice must do is "fairly apprise ... prospective members of the class of the terms of the proposed settlement" so that class members may come to their own conclusions about whether the settlement serves their interests.

*Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012) (citations omitted).

    i.    <u>The nature of the action</u>. The first page of the proposed Notice provides information about the case, the proposed settlement amount, the nature of the allegations and defenses, and states that the person receiving the notice has been identified as a class member. In addition, page 3 of the Notice describes the nature of the case as follows:

> Plaintiff Bruce Taylor asserts on behalf of himself and other similarly situated persons and entities ("Class Members") that Oakland County foreclosed on his property and the tax foreclosure auction sale produced more money than what Plaintiff Bruce Taylor owed in unpaid taxes, fees, interest and penalties (the "surplus").

6

> Plaintiff Bruce Taylor asserts, among other claims, that Oakland County violated the law by wrongfully retaining the surplus from the auction belonging to him and other Class Members.
>
> Oakland County denies that it is liable and denies that it is required to refund the surplus.

    ii.    <u>The definition of the class certified</u>. Pages 4-5 of the proposed Notice states the class:

> All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount. The period at issue is June 8, 2009 through June 30, 2022. Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

    iii.    <u>The class claims, issues, or defenses.</u> See subsection (i) above. In addition, page 4, sections 3 and 4 of the proposed Notice provide information regarding the nature of a class action, a description of the claims and defenses, and an explanation as to why the settlement was reached in this case.

    iv.    <u>A class member may hire an attorney.</u> Page 9, paragraph 16 of the proposed Notice is titled: "Can I hire my own lawyer?" and states, "Yes. If you want to be represented by your own lawyer, you may hire one at your own expense. An attorney can enter an appearance on your behalf in the case."

  v. <u>The Court will exclude from the class any member who requests exclusion.</u> See pages 6-7, paragraph 10 of the proposed Notice. There is a section titled "Excluding Yourself From the Class" that states: "The Court will exclude you from the class if you properly request to be excluded."

  vi. <u>The time and manner for requesting exclusion.</u> The Request to Opt Out will be enclosed with the proposed Notice. Pages 6-7, paragraph 10 of the proposed Notice states the time and manner required to opt out.

  vii. <u>The binding effect of a class judgment on members.</u> Page 6, paragraph 8 of the proposed Notice states:

> Unless you exclude yourself, you remain in the Settlement Class. This means you cannot sue Oakland County based on the facts and legal theories involved in the case. It also means that all of the Court's orders will apply to you and legally bind you.

  **3. <u>The timeframes and conditions are reasonable.</u>**

The parties agreed to timetables for parties to submit a Claim Form, a Request to Opt Out, and additional time to perfect a claim on behalf of a decedent. Specifically, Class Members will have 90 days from the date which the Notices are issued to file a valid claim with Simpluris. In order for the claim to be valid, it must be signed by one of the property owners at the time of the foreclosure, postmarked no later than 90 days from the beginning of the notice period and be accompanied by a copy of a driver's license or other identification issued by a governmental

agency. Class members have 30 days from the date which the Notices are issued to submit a Request to Opt Out. In order to account for mail delays, claims received no later than seven days after the claims period closes will be considered valid.

It is anticipated that some class members are now deceased. The parties have agreed that a beneficiary or heir of a deceased class member may file a claim. A beneficiary or heir of the decedent may file a claim within 90 days from the date which the Notices are issued, just like any other class member. However, in order to be valid, the Claims Administrator must be presented with a certified copy of Letters of Authority from a probate court within an additional 30 days after the claims period closes. The total claim period on behalf of a deceased person will be 120 days (90 + 30 additional). Claims will be paid only to an estate based on Letters of Authority. Claims will not be paid to heirs or beneficiaries who cannot prove authority as set forth above.

Compliance with the dates will be determined by when the submissions are postmarked by the United States Postal Service to address any concerns regarding compliance with the claim period deadline.

The claims belong only to the former property owner. The Michigan Supreme Court was clear:

> Indeed, a <u>former property owner</u> only has a right to collect the surplus proceeds from the tax-foreclosure sale; that is, <u>a former property owner</u> has a compensable takings claim if and only if the tax-foreclosure sale produces a surplus.

9

*Rafaeli,* 505 Mich. at 477 (emphasis added).

As a result, to ensure the former property owners are the ones receiving the payment, three conditions have been agreed to by the parties. First, a valid Claim must contain an ink signature of at least one former property owner or an heir or beneficiary of a deceased person. Second, the Claim must be submitted with a photocopy of a government-issued identification to verify the identity of the class member. Third, compensation for valid claims will be issued in the form of a check in the name of all former owners of the property at the time of foreclosure (or their estates).

### 4. **The Claim Form and Request to Opt Out.**

In class action settlements, "[c]lass members must usually file claim forms providing details about their claims and other information needed to administer the settlement." *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 290 (W.D. Ky. 2014) (citations omitted). This case is no different. The proposed Claim form is attached as Exhibit B and the proposed Request to Opt Out is attached as Exhibit C. They are short, require only the necessary information to process the claim or exclusion request, contain concise instructions, and remind class members of the applicable deadlines. The forms should be approved.

## THE PROPOSED CLAIMS ADMINISTRATOR

Simpluris has administered over 6,000 class action settlements. They are equipped with an operational call center and have the technological capabilities to run the postal verification, skip trace, call center and website creation and operation. In addition, Simpluris will ensure the notice is promptly provided in the manner approved by the Court, adjudicate the claims and, after the claims periods close, will pay valid claims and otherwise administer the settlement. Simpluris specializes in claims processing and settlement fund administration. https://www.simpluris.com/.

## CONCLUSION

The parties jointly request the Court to do the following:

1. Approve the proposed notice process to advise class members of the settlement and their legal rights.

2. Approve the proposed Notice, the Claim form, and the Request to Opt Out.

3. Appoint Simpluris, Inc. as the Claims Administrator.

**The Law Offices of Aaron D. Cox, PLLC**

By: /s/ Aaron D. Cox
**AARON D. COX** (P69346)
Co-Counsel for Plaintiffs
23820 Eureka Rd.
Taylor, Michigan 48180
(734) 287-3664   aaron@aaroncoxlaw.com

11

            **Giarmarco, Mullins & Horton, P.C.**

           By: /s/ William H. Horton
             **WILLIAM H. HORTON** (P31567)
             Attorney for Defendants Oakland County
             and Andrew Meisner
             101 West Big Beaver Road, Tenth Floor
             Troy, Michigan 48084-5280
             (248) 457-7000  bhorton@gmhlaw.com

Date: July 26, 2022

## CERTIFICATE OF SERVICE

On July 26, 2022, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically, and will serve via First Class U.S. mail to the following:

            /s/ William H. Horton
            WILLIAM H. HORTON (P31567)
            Attorney for Oakland County
            bhorton@gmhlaw.com