**EXHIBIT A**

# United States District Court
# Eastern District of Michigan
# Southern Division

*Bowles v. County of Oakland, et al., Case No. 20-cv-12838*

**Date of Notice:** _____

**If you or a deceased family member were a resident of Oakland County, Michigan and lost your real estate to a tax foreclosure between 2009 and 2019, a $38 million settlement may affect your rights.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Class Representatives ("Plaintiffs") and Oakland County have reached a settlement ("the Settlement") in a class action lawsuit called *Bowles v. County Of Oakland, et al.*, Case No 20-cv-12838.

- Plaintiffs allege that Oakland County violated the law by foreclosing on the homes of property owners for unpaid taxes and retaining more than the tax delinquency after the properties were sold at a tax foreclosure auction.

- Oakland County denies wrongdoing and asserts it was following state law and procedures that were required to be taken when a property owner does not pay their property taxes.

- The Court has not decided who is right or wrong. Instead, Plaintiffs and Oakland County have agreed to the Settlement to avoid the risk and cost of further litigation.

- If you are receiving this Notice, you have been identified as a Class Member. If approved by the Court, the Settlement will establish a $38 million Settlement Fund ("the Settlement Fund") for the common benefit of the class ("the Settlement Class").

- Your legal rights are affected whether you act or do not act, so please read this Notice carefully.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION | |
|---|---|
| **FILE A CLAIM** | <ul><li>File a claim for payment by mail.</li><li>Be bound by the Settlement.</li><li>Give up your right to sue.</li><li>Claims must be postmarked by _____.</li><li>Give up your right to sue Oakland County for claims that arise from a tax foreclosure.</li><li>A Claim form and return envelope is enclosed.</li></ul> |
| **ASK TO BE EXCLUDED ("OPT OUT")** | <ul><li>Remove yourself from the Class.</li><li>Receive no payment.</li><li>Keep your right to file a separate lawsuit.</li><li>A request to opt out must be postmarked by _____.</li><li>A request to opt out and a return envelope is enclosed.</li></ul> |
| **OBJECT** | <ul><li>Write to the Court about why you do not like the Settlement.</li><li>Any objection must be postmarked by _____.</li></ul> |
| **ATTEND THE HEARING** | <ul><li>Ask to speak to the Court about the fairness of the Settlement.</li></ul> |
| **DO NOTHING** | <ul><li>Receive no payment.</li><li>Be bound by the Settlement.</li><li>Give up your right to sue Oakland County for claims that arise from a tax foreclosure.</li></ul> |

## BASIC INFORMATION

### 1. Why did I receive this Notice?

You received this Notice because a review of government records indicates that you had one or more parcels of property foreclosed by the Treasurer of Oakland County for the non-payment of property taxes and the property was sold at auction for more than the tax, fees, interest and penalties that were owed.

The Court caused this Notice to be sent to you because, if you fall within the definition of the Class, you are a Class Member and, therefore, you have a right to know about the pending Class Action and the Settlement.

If the Court approves the Settlement, and after any objections and appeals are resolved, you will be bound by the terms of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights and options, and the deadline for you to exercise your rights.

Judge Linda V. Parker of the United States District Court for the Eastern District of Michigan, Southern Division, in Detroit, Michigan, is overseeing the Class Action and the Settlement.

### 2. What is this lawsuit about?

Plaintiff Bruce Taylor asserts on behalf of himself and other similarly situated persons and entities ("Class Members") that Oakland County foreclosed on his property and the tax foreclosure auction sale produced more money than what Plaintiff Bruce Taylor owed in unpaid taxes, fees, interest and penalties (the "surplus").

Plaintiff Bruce Taylor asserts, among other claims, that Oakland County violated the law by wrongfully retaining the surplus from the auction belonging to him and other Class Members.

Oakland County denies that it is liable and denies that it is required to refund the surplus.

3

### 3. What is a class action and who is involved?

In a class action lawsuit, class representatives sue on behalf of others who have similar claims. All of the people who have similar claims are a "class" or "class members." Individual class members do not have to file a lawsuit to participate in the class action settlement or be bound by the settlement in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

### 4. Why is there a Settlement?

On July 17, 2020, the Michigan Supreme Court held that former property owners have a right to the surplus resulting from the tax foreclosure sale of their property. The Court held that Oakland County violated the Michigan Constitution by retaining the surplus obtained from the tax foreclosure auction sale beyond the amount of the tax delinquency.

Thereafter, Plaintiff Bruce Taylor filed this lawsuit alleging that Oakland County failed to return the surplus owed to him and the Class Members. The Court decided this case should proceed as a class action lawsuit. In a related case in the Michigan courts, the Court decided that the Supreme Court ruling only applies to future cases, not this one. That decision is on appeal.

The parties have subsequently engaged in settlement negotiations and have agreed to the Settlement in this case.

## WHO IS IN THE SETTLEMENT CLASS?

### 5. Who is included in the Class? Am I part of this Class?

The Class is defined as follows:

> All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount. The period at issue is

4

> June 8, 2009 through June 30, 2022. Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

If the former property owner is now deceased, you may make a claim on behalf of that person's estate if you are a beneficiary or heir of the decedent.

If you are unsure whether you are included in the Class, you may ask for help. Please contact the Claims Administrator or Class Counsel, whose contact information is shown below.

## SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

The Settlement provides monetary payments to Class Members who submit a valid claim by _____.

If the Court approves the Settlement, in exchange for Class Members' release of their claims against Oakland County, a Settlement Fund of $38 million will be established for the common benefit of the Class. After paying Class Counsel's Attorney Fees and Expense Awards, the fund will be distributed to Class Members as follows:

- If the total claims made by Class Members are equal to or less than the amount in the Settlement Fund, Class Members will receive 100% of the amount of the surplus produced from the tax foreclosure auction sale of their former property.

- If the total claims made by Class Members exceed the amount in the Settlement Fund, Class Members will receive a pro rata or proportional share of the Settlement Fund.

- If funds remain in the Settlement Fund after other payments, Class Members who make a claim may also receive a payment of interest on their claim.

- Payments will be reported to the Internal Revenue Service.

5

Additional information and an explanation of the extent and order of payments from the Settlement Fund is available at wwwOaklandCoSettlement.com.

### 7. How do I get a payment?

To make a claim and receive a payment, you must be one of the property owners at the time of the foreclosure and file a claim by mail, postmarked by _____. You must also include a copy of a government issued identification such as a driver's license, voter registration card or other identification. A claim form and an addressed, postage paid envelope is included in this Notice. The claim form must be mailed to the Claims Administrator:

Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

### 8. What am I giving up by staying in the class?

Unless you exclude yourself, you remain in the Settlement Class. This means you cannot sue Oakland County based on the facts and legal theories involved in the case. It also means that all of the Court's orders will apply to you and legally bind you.

### 9. What happens if I do nothing at all?

If you do nothing, you will remain in the Settlement Class. However, if you were entitled to share in the Settlement Fund and you do not make a claim, you will not receive a payment.

## EXCLUDING YOURSELF FROM THE CLASS

### 10. How do I exclude myself from the class?

If you are a member of the Settlement Class and do not want to be legally bound by the Settlement, or if you wish to pursue your own separate lawsuit against Oakland County, you must exclude yourself from the Class. This requires submitting a written request to the Claims Administrator stating your intent to exclude yourself

6

from the Class. You must be one of the property owners at the time of the foreclosure to request to be excluded. The Court will exclude you from the class if you properly request to be excluded. Your rights may be different if you exclude yourself, including potential dismissal of your case.

You must mail your Request to Opt Out, postmarked by_____, to:

Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

A form to be excluded from the Class is included with this Notice.

### 11. If I do not exclude myself, can I sue Oakland County for the same thing later?

No. If you do not exclude yourself, you give up the right to sue Oakland County for any claims related to a tax foreclosure.

## OBJECTING TO THE SETTLEMENT

### 12. How do I tell the Court that I do not like the Settlement?

If you are a Class Member and have not excluded yourself from the Settlement, you can object to the Settlement if you do not like part or all of it. The Court will consider your views.

To object, you must send a letter or other written statement by _____, 2022 saying that you object to the Settlement in *Bowles v. County of Oakland, et al* and the reasons why you object to the Settlement. The letter must include:

- Your name, address, and telephone number.
- The address of the property that was foreclosed.
- A description of the objections, including a description of any legal authority and supporting documentation you wish the Court to consider.
- Your signature on the written objection.

7

Do not send your objection to the Court. Instead, mail the objection to the Claims Administrator with copies to Counsel at the addresses listed below:

*Claims Administrator:*
Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

*Class Counsel:*
The Law Offices of Aaron D. Cox, PLLC
Attn: Aaron Cox
23820 Eureka Rd.
Taylor, Michigan 48180
aaron@aaroncoxlaw.com

*Defendant's Counsel:*
Giarmarco, Mullins & Horton, P.C.
Attn: John Fleming
101 W. Big Beaver Rd.
Troy, MI 48084
jfleming@gmhlaw.com

## 13. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class. If you exclude yourself, you are no longer a member of the Settlement Class and do not have a right to share in the Settlement Fund or to object because the Settlement no longer affects you.

### THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes. The Court has approved the appointment of Aaron Cox, Mark Wasvary, David Shea, Phillip Ellison, and Matthew Gronda as Class Counsel. You may contact Class Counsel by email at admin@aaroncoxlaw.com, in writing at 23820 Eureka Rd., Taylor, MI 48180 or by telephone at 734-287-3664

8

### 15. How will the lawyers be paid?

Class Counsel has submitted an application to the Court for an award of attorney fees and for reimbursement of expenses and costs to be paid out of the Settlement Fund. Class Counsel has requested attorney fees of 33% of the Settlement Fund. The Court has preliminarily approved _____% of the Settlement Fund in fees and $_____ in costs and service fees to the Class Representative. You will not directly be responsible for paying these fees.

### 16. Can I hire my own lawyer?

Yes. If you want to be represented by your own lawyer, you may hire one at your own expense. An attorney can enter an appearance on your behalf in the case.

## THE FAIRNESS HEARING

### 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. The Court will hold a Fairness Hearing at (TIME) on (DATE) at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit MI 48226. The judge is the Honorable Linda Parker. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

The Court will also consider whether to approve attorneys' fees and expenses. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

### 18. Do I have to come to the Fairness Hearing?

No. You are welcome to come at your own expense. If you send an objection, you do not have to come to the hearing to speak about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 19. May I speak at the hearing? |
|---|

You may ask to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Bowles v. Oakland County, et al,* Case No. 20-cv-12838." Be sure to include your name, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked by _____ and must be sent to the Class Counsel, Defendant's Counsel, and the Clerk of the Court. The address for the Clerk of the Court is: Clerk of the Court, United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit MI 48226.

The address for Class Counsel and Defendants' Counsel are provided in Question 12.

## DECEASED PERSONS

| 20. What if the owner of the property at the time of the foreclosure is now deceased? |
|---|

If the property owner at the time of the foreclosure is now deceased, his or her probate estate may be eligible to receive a payment from the Settlement Fund. If you are a beneficiary or heir of the decedent, you may file a claim on behalf of the decedent, but any payment will only be made to the estate of the decedent. If an estate in probate court has been opened, you must provide information regarding the estate and Letters of Authority showing who is authorized to act on behalf of the estate. If an estate in probate court has not been opened, you must open one and provide information regarding the estate and Letters of Authority showing who is authorized to act on behalf of the estate. Additional information regarding making a claim on behalf of a decedent is included in the Claim form.

**Please do not contact the Court with questions. Please refer to the website www.OaklandCoSettlement.com for more information, call the Claims Administrator or Class Counsel.**