UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES and
BRUCE TAYLOR,

              Plaintiffs,

                                              Civil Case No. 20-12838
v.                                          Honorable Linda V. Parker

ERIC R. SABREE, COUNTY OF
WAYNE BY ITS BOARD OF
COMMISSIONERS also sometimes
known as CHARTER COUNTY OF
WAYNE BY ITS BOARD OF
COMMISSIONERS, COUNTY OF
OAKLAND, and ANDREW MEISNER,

              Defendants.
_____/

## OPINION AND ORDER (1) DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION (ECF NOS. 49, 50); (2) GRANTING DEFENDANT COUNTY OF OAKLAND'S JOINT MOTION FOR APPROVAL OF NOTICE PLAN AND APPOINTMENT OF CLAIMS ADMINISTRATOR (ECF NO. 60); (3) GRANTING DEFENDANT COUNTY OF OAKLAND'S JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; (4) GRANTING BRUCE TAYLOR'S PETITION FOR ATTORNEYS' FEES (ECF NO. 62); AND (5) DENYING COUNTY OF OAKLAND'S MOTION TO STRIKE (ECF NO. 64)

This action arises out of property tax foreclosures in Wayne and Oakland counties.  Plaintiffs Tonya Bowles and Bruce Taylor ("Plaintiffs"), former real property owners, allege violations of their constitutional rights and Michigan law in connection with the tax foreclosure process.  (ECF No. 17.)  Plaintiffs filed a

putative class action Complaint on behalf of themselves and other similarly

situated individuals against the following Defendants: (i) County of Wayne by its

Board of Commissioners, also sometimes known as Charter County of Wayne by

its Board of Commissioners ("Wayne"); (ii) County of Oakland ("Oakland"); (iii)

Wayne Treasurer, Eric Sabree; and (iv) Oakland Treasurer, Andrew Meisner.

Specifically, Plaintiffs claim that Defendants wrongfully retained the sales

proceeds exceeding the taxes they owed on the properties and seek unpaid "just

compensation" and other monetary damages.  (*Id*. at Pg ID 180-87.)

Defendants filed motions to dismiss (ECF Nos. 24, 25), which the Court

granted in part and denied in part on January 14, 2022 (ECF No. 47).  The Court

also granted class certification (ECF No. 33), certifying the class as follows:

> All property owners formerly owning property from within the
> counties of Wayne and Oakland who had said property seized
> by Defendants via the General Property Tax Act, MCL 211.78
> et seq., which was worth more and/or was sold at tax auction
> for more than the total tax delinquency and w[ere] not refunded
> the excess/surplus equity, and this sale occurred before July 17,
> 2020, but within three years of the filing of this lawsuit, and
> excluding any property owner who has filed their own post
> forfeiture civil lawsuit to obtain such relief.

(ECF No. 47 at Pg ID 726.)

The matter is presently before the Court on Defendants' motions for reconsideration (ECF Nos. 49[1], 50), of this Court's January 14, 2022 decision. Plaintiffs have filed a response to the motions.  (ECF No. 55).  Further, Defendants filed a notice of supplemental authority.  (ECF No. 56.)

Additionally pending before the Court are Oakland and Taylor's Joint Motion for Approval of Notice Plan and Appointment of a Claims Administrator. (ECF No. 60.)  The same parties also filed a Joint Motion for Preliminary Approval of Settlement.  (ECF No. 61.)  Relatedly, counsel for the proposed settlement class moves for an award of attorneys' fees and incentive fees for class representatives.  (ECF No. 62.)  Wayne filed a response brief concerning the settlement motions (ECF No. 63), and Oakland filed a motion to strike that response (ECF No. 64).  These motions have been briefed by the parties.  (*See* ECF Nos. 65, 66, 67, 70.)

On August 23, 2022, the Court issued a notice of video conference hearing to be held on August 29, 2022.  On August 25, 2022, the Court additionally issued a notice directing the parties to be prepared to address the retroactivity issue in

---

[1] Oakland and Meisner ("Oakland County Defendants") join Wayne and Sabree's ("Wayne County Defendants") motion for reconsideration (ECF No. 50) for the reasons stated by Wayne County Defendants and only requests the Court's reconsideration on the issues of whether *Rafaeli Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020) should apply retroactively and the class definition regarding the term "excess/surplus" equity.  (ECF No. 49.)

light of *Proctor v. Saginaw Cty. Bd. of Commissioners*, 2022 WL 67248 (Mich. Ct. App. Jan. 6, 2022).  Specifically, whether or not the Plaintiffs' claims were raised and preserved before *Rafaeli* was decided.  *See id*. at *7.  At the hearing, all parties were present and had an opportunity to address the Court.

## Motions for Reconsideration (ECF Nos. 49, 50)

## Applicable Standard

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration.  As currently written, the rule provides as follows with respect to non-final orders such as the decision on Defendants' motions to dismiss:

> (2)  Non-Final Orders. Motions for reconsideration of non-final orders are disfavored.  They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)  An intervening change in controlling law warrants a different outcome; or
>
> (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2).  "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce

4

new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

## Analysis

Defendants identify five "defects" in the Court's January 14, 2022 decision. However, Defendants identify only defects in the Court's determination of threshold issues of standing, qualified immunity, whether claims are time-barred, and retroactive or prospective application of *Rafaeli*, rather than any defects in the Court's findings on the merits of the surviving claims. Further, Defendants argue that this Court's class certification was a mistake. Most of the arguments presented were previously presented before the Court and addressed in the Court's January 14, 2022 decision. As stated above, motions for reconsideration are not a vehicle "to rehash rejected arguments[.]" *See, supra*. However, the Court will address each argument in turn.

First, the Wayne Defendants assert that the Court made a mistake regarding Bowles' standing because she deeded her property to her son *before* the tax foreclosure sale when her injury would have arisen. (ECF No. 50 at Pg ID 743-45.) Bowles is the former owner of a property located in Detroit, Michigan. On March 29, 2017, Sabree foreclosed upon the property on behalf of Wayne. (Am. Compl. ¶¶ 19, 20, ECF No. 17 at Pg ID 168.) On June 9, 2017, approximately three months after the date of the tax foreclosure judgment, Bowles transferred the

property to her son for $1.00 in consideration.  The Court concluded that this was of no consequence because she could not convey the title of a property that no longer belonged to her.  (ECF No. 47 at Pg ID 694.)

Wayne Defendants argue that "while Bowles may not have been able to transfer title, the quitclaim deed still transferred whatever common law right she had in any alleged surplus to [her son.]"  (ECF No 50 at Pg ID 744-45 (citing *Rafaeli, LLC*, 952 N.W.2d at 461).)  Defendants offer no authority for this proposition that this right can transfer via quitclaim deed.  Plaintiffs counter that Bowles did not transfer her right in the surplus proceeds to her son via an assignment pursuant to Mich. Comp. Laws § 566.132(1)(f).[2]  (ECF No. 55 at Pg ID 856-57.)

The Court does not find any error in its prior decision.  While both parties argue a novel interpretation of what was or not conveyed, via the quitclaim deed to her son, the Court finds that Bowles' only intent was to transfer title.  (*See* ECF No. 25-3.)  However, title did not transfer.  Further, Bowles' son does not have any cognizable interest under *Rafaeli* because he is not a "former property owner" and did not have any "delinquent real-property taxes."  *See Rafaeli, LLC*, 952 N.W.2d at 466 (Mich. 2020) ("We hold that plaintiffs, former property owners whose

---

[2] Plaintiffs cite Mich. Comp. Laws § 556.132(1)(f), but the Court presumes this is a typographical error.

properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties.")  As such, Bowles has standing.

Defendants next argue that *Rafaeli* is prospective only and bars Bowles claims.  (ECF No. 50 at Pg ID 745-53.)  First Defendants argue that the Court made a mistake in relying on *Proctor* to hold that Rafaeli should be applied retroactively.  (*Id.*, Pg ID 746-47 (citing *Proctor*, 2022 WL 67248 at *26.)  Defendants explain that *Proctor* offers "limited retroactive relief to those cases where a challenge had been raised and preserved as of the date of the *Rafaeli* decision, i.e., July 17, 2020." (*Id.*)  Defendants are correct that *Proctor* held that *Rafaeli* "should be applied to pending cases, such as those of the named plaintiffs, in which a challenge has been raised and preserved."  *Proctor*, 2022 WL 67248, at *7.

As the Court did consider and analyze *Proctor*, even if the Court made a mistake in understanding the limited retroactivity holding, *Proctor* still supports a finding that *Rafaeli* applies retroactively to Plaintiffs' claims if the case was pending and a challenge to the foreclosure process had been raised and preserved. Here, Plaintiffs' claims have been pending and challenges to the foreclosure process have been raised and preserved in the filing of several putative class actions.  (*See* ECF No. 63 at Pg ID 1434 n.2 (citing *Sangster and Home*

7

*Opportunity, LLC v. County of Wayne*, et al., 20-005048-CZ (Wayne Cnty. Cir. Ct.

Sept. 30, 2022.))[3] The Court notes that while a state court judge in *Sangster* denied

the motion to certify the class without prejudice, the case remains pending. As

such, Bowles claims have been properly raised and preserved and the "limited

retroactivity" of *Proctor* applies. Therefore, correcting this claimed error would

not "change[] the outcome of the prior decision[.]" E.D. Mich. LR 7.1(h)(2)(A).

Further, Defendants cite *League of Women Voters of Michigan v. Sec'y of

State*, 975 N.W.2d 840, 865 (Mich. 2022), arguing that full retroactivity would be

catastrophic. This contention, however, is neither supported with any factual

evidence, nor considered in anyway to be an "injustice." (*See* ECF No. 50 at Pg ID

747 (citing *League of Women Voters of Michigan*, 975 N.W.2d at 865 (citation

omitted) ("However, where injustice might result from full retroactivity, this

[c]ourt has adopted a more flexible approach, giving holdings limited retroactive or

prospective effect.")).

The Michigan Supreme Court explains in *League of Women Voters* that:

> The threshold question, then, is whether a decision amounts to a
> new rule of law. 'A rule of law is *new* for purposes of resolving
> the question of its retroactive application . . . either when an
> established precedent is overruled or when an issue of first

_____

[3] Notably, as in this Court's Opinion and Order on January 14, 2022, which
decided that Plaintiffs' Fifth Amendment Taking and state law inverse
condemnation claims survived, the putative Plaintiffs in *Sangster and Home
Opportunity, LLC v. County of Wayne*, plead, *inter alia*, Fifth Amendment Taking
and state law inverse condemnation claims. (*See* ECF No. 63-2.)

8

impression is decided which was not adumbrated by any earlier appellate decision. . . .

975 N.W.2d 840, 865 (Mich. 2022) (quoting *People v Phillips*, 68, 330 NW2d 366 (Mich. 1982)).  Defendants contend that the "*Rafaeli* holding both overruled settled precedent and was an issue of first impression."  (ECF No. 50 at Pg ID 748.)

The Court disagrees that *Rafaeli* is new law.  *See Proctor*, 2022 WL 67248, at *7 (concluding that the Michigan Supreme Court in *Rafaeli* did not overrule "clear and uncontradicted caselaw or specifically announce[] a new rule that at least had not been previously foreshadowed.")  The only case decision that *Rafaeli* allegedly overruled as settled precedent was the Court of Appeals' decision which it vacated.  *See Rafaeli, LLC v. Oakland Cnty.*, 2017 WL 4803570 (Mich. Ct. App. Oct. 24, 2017), *rev'd and remanded*, 952 N.W.2d 434 (Mich. 2020).  As stated in the Court's prior decision, "*Rafaeli* did not simply create a new rule or a new principle of law, rather it enforced and vindicated a constitutional right protected by Michigan's 1963 Constitution."  (ECF No. 47 at Pg ID 707.)  Further, it is not an issue of first impression, as the right is protected in the Michigan Constitution. (*See id*.)

In conclusion, regarding the retroactive or prospective application of *Rafaeli*, the Court concluded in its previous decision and still concludes that the issue of retroactivity has been left unanswered by the Michigan Supreme Court.  *See* Mich. Comp. Laws § 211.78t(1)(b)(*i*) ("A claim may be made only if the Michigan

[S]upreme [C]ourt orders that its decision in *Rafaeli, LLC v Oakland County*, docket no. 156849, applies retroactively.") The Court did not err in its analysis that *Rafaeli* applies retroactively to these claims.

In its third claimed "error," Wayne Defendants argue that Bowles' claims are untimely. (ECF No. 50 at Pg ID 753-56.) Defendants argue that the "Court's reliance on the State of Michigan Executive Orders purporting to toll state statutes of limitations is mistaken." (ECF No. 50 at Pg ID 755 (citing *In re Certified Questions from the United States District Court*, 958 N.W.2d 1 (Mich. 2020). However, the Court did not rely on the State of Michigan's Governor's executive orders; rather it relied on orders tolling the statute of limitations from the Michigan Supreme Court. *See Roche v. Mendelson*, No. 357099, 2022 WL 3009783, at *1 (Mich. Ct. App. July 28, 2022) (explaining the distinction between the Governor's executive order and the Michigan Supreme Court's administrative order extending deadlines for commencing civil actions.) *In re Certified Questions from the United States District Court* addressed the Governor's authority regarding various executive orders issued during the pandemic. Wayne has not supplied any support showing that the Michigan Supreme Court did not have administrative authority to

toll the statute of limitations or that its administrative orders were based on the Governor's executive authority.[4]  Accordingly, Bowles claims are not time-barred.

Next Wayne Defendants argue that "keeping [] Sabree as a party to this action, even if only in his official capacity, was a mistake and should be reconsidered."  (ECF No. 50 at Pg 758.)  In response, Plaintiffs argues that until Wayne is properly named, keeping Sabree, in his official capacity only, covers Wayne "no matter how it later wants to self-identify."  (ECF No. 55 at Pg ID 866.) The Court decided as follows:

> Because the Michigan Court of Appeals reached an opposite conclusion in 2017 and held that former property owners were not entitled to the surplus proceeds from a sale, there was not clearly established law informing Sabree or Meisner that their practice of retaining the surplus proceeds was unconstitutional. As such, Sabree and Meisner are entitled to qualified immunity in their individual capacities.

(ECF No. 47 at Pg ID 698-99 (end footnote committed).)  As such, the Court again *agrees* that Sabree is entitled to qualified immunity, however as stated in the January 14, 2022 decision, "[d]ue to the uncertainty of whether Wayne County is properly named as a defendant, the Court declines at this time to dismiss Sabree in

---

[4] The Michigan Governor's orders contained language stating that it was "[c]onsistent with Michigan Supreme Court Administrative Order. . . .", which further suggests that the order incorporated the Michigan Supreme Court's administrative orders rather than giving authority to the Michigan Supreme Court to make such order.  *Roche*, 2022 WL 3009783, at *2.

his official capacity . . . ."  (*Id.*, Pg ID 701 (citation omitted).)  As such, the Court finds no error in its previous ruling.

Lastly, the Wayne Defendants argue that class certification was a mistake under *Proctor*.  (ECF No. 50 at Pg ID 758-62.)  Plaintiffs counter that Federal Rule of Civil Procedure 23 "undisputedly trumps *Proctor* under the doctrine of federal supremacy for securing and maintaining class certification, as an intermediate state court decision cannot bind or preclude federal procedures . . . ."  (ECF No. 55 at Pg ID 867.)  The Court agrees as even *Proctor* notes that a court within this district applied the "judicial-link doctrine" to allow for a class action and opined that the counties' actions under the GPTA were juridically linked.  *Proctor*, 2022 WL 67248, at *15 (citing *Fox v. Cty. of Saginaw*, 2021 WL 120855, at *6 (E.D. Mich. Jan. 13, 2021), *aff'd sub nom. Fox v. Saginaw Cty., Michigan by Bd. of Commissioners*, 2022 WL 523023 (6th Cir. Feb. 22, 2022)).  Further, *Proctor* distinguished itself from *Fox* and held that "[t]he present cases, however, were brought in Michigan courts, so Michigan procedural rules apply."  *Id.* Accordingly, the Court did not err in certifying the class.

Lastly, at the hearing, Wayne mentioned *Grainger, Jr. v. County of Ottawa*, 2021 WL 790771, at *15 (W.D. Mich. Mar. 2, 2021), standing for the proposition that class certification is inappropriate with Bowles as class representative considering *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018).  In *Grainger*, the

court denied the plaintiff's motion for class certification but not based upon lack of fulfilment of any of the Federal Rule of Civil Procedure 23 requirements. (*Id.*) Instead, the court denied class certification to plaintiff as a putative class representative and allowed for the plaintiff's individual claim to proceed because he filed his claim after the expiration of the limitations period. As this Court has already decided that Bowles claims are not time-barred, *Grainger and China Agritech, Incorporated*, are inapplicable.

The Court need not address each of the Defendants' remaining arguments regarding class certification given its preceding analysis of the issue of standing and previous decision on predominance and commonality in its January 14, 2022 opinion. Finally, Defendants state that even if the Court does not reconsider its position on class certification, that it should allow Defendants to amend the class definition regarding the term "surplus equity" "[b]ecause surplus proceeds, if any, is the sole measure of damages for a viable *Rafaeli* claim. . . ." (ECF No. 50 at Pg ID 762-63.) In response Plaintiffs agree that an amendment is required, albeit for different reasons. (ECF No. 55 at Pg ID 870.) Plaintiffs state that this issue will be addressed in a separately filed motion. (*Id.*) However, neither party has filed briefing on the issue, so at this time, the Court declines the invitation to amend the class definition but will allow the parties to separately brief the issue.

**Settlement Motions (ECF Nos. 60, 61, 62)**

13

The Court has had an opportunity to review the joint motions for approval of the notice plan and the appointment of a class administrator (ECF No. 60)) and finds that the proposal complies with requirements for due process and Federal Rule of Civil Procedure 23(c)(2)(B).  As such, the Court approves the proposed notice process and notice form and appoints Simpluris, Inc. as Claims Administrator.

The Court also reviewed the joint plan for preliminary approval of settlement between Oakland and the Oakland Plaintiffs' class.  (ECF No. 61.)  The motion also seeks to add Andre Ohanessian and Home Opportunity LLC as class representatives.  The Court also heard arguments regarding the fairness of the settlement.

The Court finds that the proposed settlement is fair and reasonable because it results from extensive arm's length negotiations conducted by competent counsel. (*See id*. at Pg ID 1016.)  The fund of $38,000,000 is approximately 80% of the total possible damages.  (*Id.* at 1017.)  However, class claimants are likely to receive 100% of their surplus.  (*Id.*)  The parties have engaged in discovery and know the strengths and weaknesses of their cases.  (*Id.* at Pg ID 1020-21.)  Further, as acknowledged by the parties at the hearing, there is great uncertainty in these claims given the different rulings of state and federal courts on the issues.  In the motion, the parties assert that without the settlement, there is a high probability of

delay with the likelihood of appeals.  (*Id.* at Pg ID 1018-19; 1020.)  Counsel for both sides only entertained settlement possibilities after they possessed sufficient information about the risks and benefits of continuing litigation.  (*Id.* at Pg ID 1022.)

The only concern before the Court is certain inconsistencies with the dates defining the class period in the motions.  (*See* ECF No. 60 at Pg ID 973 (June 8, 2009, through June 30, 2022); ECF No. 61 at Pg ID 1008 (June 8, 2009, through June 30, 2022); ECF No. 61-1 at Pg ID 1028 (June 8, 2009, through July 17, 2022); 61-2 at Pg ID 1034-35, 1036-37, (June 8, 2009 – June 30, 2020, and June 8, 2009 – July 17, 2020.); ECF No. 61-3 at Pg ID 1064 (June 8, 2009, through June 30, 2022).  As the Court has previously determined that the certified class is "property owners formerly owning property within the counties of Wayne and Oakland who had said property . . . was sold at tax auction . . . before July 17, 2020."  (ECF No. 47 at Pg ID 726.)  The Court will assume that it is a typographical error and, absent objection from the parties, will amend the dates accordingly before final approval.

Lastly, the Court has reviewed Class Counsel's motion for an award of attorneys' fees and incentive fees for class representatives requesting attorneys' fees equaling 33% of the common fund and granting an incentive fee to the class representatives of $5000.  (ECF No. 62.)  Of primary concern is that an attorney

fee award be reasonable.  *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014).

"Trial courts within the Sixth Circuit have discretion to calculate an award of

attorneys' fees by using either (1) a percentage of the fund calculation, or (2) a

lodestar/multiplier approach."  *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508,

532 (E.D. Mich. 2003) (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9

F.3d 513, 516–17 (6th Cir. 1993)).  The request for attorneys' fees is based on the

percentage of the fund method with counsel requesting one-third of the settlement.

There are advantages and drawbacks to this approach. As one district court opined:

> The percentage of the fund method has a number of advantages:
> it is easy to calculate; it establishes reasonable expectations on
> the part of plaintiffs' attorneys as to their expected recovery;
> and it encourages early settlement, which avoids protracted
> litigation.  However, a percentage award may also provide
> incentives to attorneys to settle for too low a recovery because
> an early settlement provides them with a larger fee in terms of
> the time invested.

*In re DPL Inc., Sec. Litig.*, 307 F. Supp. 2d 947, 950 (S.D. Ohio 2004).  Here,

however, the value to class members is great because the settlement is 80% of the

total possible damage pool and eliminates the risk and delay of further litigation.

The Sixth Circuit considers the following six factors when evaluating fee awards:

> 1) the value of the benefits rendered to the [class], 2) society's
> stake in rewarding attorneys who produce such benefits in order
> to maintain an incentive to others, 3) whether the services were
> undertaken on a contingent fee basis, 4) the value of the
> services on an hourly basis, 5) the complexity of the litigation,
> and 6) the professional skill and standing of counsel on both

sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (citations omitted); *see also Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *5 (S.D. Ohio Apr. 19, 2022).

As stated, the value to the class is significant.  Regarding the second factor, Class Counsel obtained the recognition of a constitutional right, albeit a right already established in the Michigan Constitution, to recover surplus tax foreclosure proceeds.  Public policy supports rewarding counsel who take on challenging cases on a contingent basis for those unable to prosecute them otherwise.  This case was particularly risky because it was litigated for years to the Michigan Supreme Court.  In contrast, individual class members would have been unlikely to pursue these claims themselves.  Further, an award of 33% of attorneys' fees will incentivize other attorneys to take these kinds of cases.  As represented at the hearing, Class Counsel have decades of combined experience in class actions, complex matters, and novel issues of constitutional law.

In a response filed by Wayne, they argue that approval of attorneys' fees where no discovery has taken place and only minimal motion practice is an unreasonable fee request.  (ECF No. 63 at Pg ID 1444-46.)  However, the Court finds that the fee award here is not unfair in proportion to the anticipated class recovery.  *See Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 898 (6th Cir. 2019).

17

"It is not abnormal for negotiated attorneys' fee awards to comprise 20% to 30% of the total award." *Id*. Of even greater importance, Plaintiffs have not objected to the fee amount and no collusion has been alleged. As such, the Court finds that given the procedural history of the claims, this is not an unreasonable fee request.

In this case, a $5,000 incentive award to Home Opportunity and Taylor is reasonable to compensate them. Both representatives "provided Class Counsel with details regarding their foreclosure experiences with Oakland County, reviewed the complaint and settlement documents, and provided valuable feedback." (ECF No. 62 at Pg ID 1103.) The Court also approves the parties' proposed settlement with respect to incentive awards.

### Motion to Strike (ECF Nos. 64)

Oakland seeks to strike Wayne's response to the motions for settlement (ECF No. 63). (ECF No 64.) Oakland does not cite any authority to strike the motion but argues that Wayne lacks standing to object to a proposed settlement that Wayne is not a party to. (*Id*.) In response, Wayne argues that there is no authority to strike its response and that Oakland's standing arguments do not apply because of its claim of "legal prejudice." (ECF No. 70.)

Federal Rule of Civil Procedure 12(f) reads as follows:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). As an initial matter, Wayne's response to the motions for

settlement is not a "pleading." *See* Fed. R. Civ. P. 7(a) (defining "pleadings" as "a

complaint and an answer; a reply to a counterclaim denominated as such; an

answer to a cross-claim…; a third-party complaint … and a third-party answer

…"). As such, Rule 12(f) does not provide a basis for striking their motions.[5] *See*

*Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Exhibits

attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R.

Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).").

Moreover, "[m]otions to strike are viewed with disfavor and are not frequently

granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*,

783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v.*

*United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("action of striking a pleading

should be used sparingly by the courts" and should be "resorted to only when

required for the purposes of justice" and when "the pleading to be stricken has no

---

[5] Courts do have the inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). However, the Court does not believe that striking Wayne's response helps it to control its docket. Instead, doing so would only make it more difficult for the Court to resolve the remaining issues.

possible relation to the controversy"). In any event, none of the reasons for striking pleadings apply to the subject filings.

At the hearing, the parties discussed whether Wayne would suffer a legal prejudice and should be allowed to weigh in on the settlement. However, the settlement of claims between Oakland and the Oakland Plaintiffs do not impact any of Wayne's legal defenses. As such, Wayne's assertion that the "prejudice to the Wayne County Defendants is obvious, as the proposed expanded class goes well beyond the limitations period permitted by this Court and thus would greatly increase the number of plaintiffs in the class, their claims, and the potential liability[,]" is unsupported. As litigation continues, Wayne can continue to defend its case against the Wayne Plaintiffs and has the benefit or detriment of the uncertainty of litigation. Accordingly, the Court denies Oakland's motion finding that the response was helpful for the Court in making determinations in this opinion.

## Conclusion

For the reasons stated, the Court finds no mistake in its January 14, 2022 decision that, when corrected, changes the outcome of that decision. Nor does "a need to correct a clear error or prevent manifest injustice" warrant reconsideration of the decision. The Court grants the joint motions for approval of notice plan, the appointment of a claims administrator, preliminary approval of a settlement, and

petition for attorneys' fees. (ECF Nos. 60, 61, 62.) Finally, the Court denies

Oakland's motion to strike (ECF No. 64) Wayne's response brief.

Accordingly,

**IT IS ORDERED** that Defendants' motions for reconsideration (ECF Nos.

49, 50) are **DENIED**;

**IT IS FURTHER ORDERED** that Oakland's settlement motions (ECF

Nos. 60, 61) are **GRANTED** and Taylor's petition for attorneys' fee is

**GRANTED**;

**IT IS FURTHER ORDERED** that Oakland's motion to strike (ECF No.

64) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2022