UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**TONYA BOWLES**, for herself
and all those similarly situated,

    Plaintiff,
and

**BRUCE TAYLOR**, for himself
and all those similarly situated,

    Plaintiff,
v.

Case No. 20-cv-12838-LVP-KGA
Honorable Linda V. Parker
Mag. Judge Kimberly G. Altman

**COUNTY OF WAYNE by its BOARD OF COMMISSIONERS** also sometimes known as **CHARTER COUNTY OF WAYNE by its BOARD OF COMMISSIONERS**, **ERIC R. SABREE**, in his official and personal capacity, **COUNTY OF OAKLAND by its BOARD OF COMMISSIONERS,** and **ANDREW MEISNER**, in his official and personal capacity,

    Defendants.

# OAKLAND COUNTY'S BRIEF
# RE: FAIRNESS HEARING

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................... iii
1. The Notice Procedures Were Successful................................................1
2. The Claims Rate.............................................................................2
3. Resolution of Objections..................................................................3

# INDEX OF AUTHORITIES

**Cases**

*Karkoukli's, Inc. v. Dohany*, 409 F.3d 279 (6th Cir. 2005)..............................2

1. <u>**The Notice Procedures Were Successful.**</u>

The notice plan, approved by the Court, was extensive and successful. The Claims Administrator was successful in directly contacting nearly 90% of class members, a remarkable number considering we had very few existing addresses at the outset. The class consists of owners of 2,084 foreclosed properties. The Claims Administrator mailed notice to 3,336 persons (some properties had more than one owner).

The notice plan approved by the Court included multiple levels of skip tracing, verification through the United States Postal Service National Change of Address database, searches of two large, national databases, and two rounds of mailing. Of the 3,336 notices that were mailed, 602 were returned as undeliverable. The first round of mailing was successful in contacting 2,734 persons.

If a notice package was returned as undeliverable following the first mailing, a subsequent skip trace was conducted through a different service and notice was mailed to the most probable address listed.

Notice was remailed to 602 persons following the second skip trace. Most received an additional notice extending the opt out and objection periods. There were 386 notice packages that were undeliverable (the second mailing was

returned undeliverable or there was no probable address revealed in the second skip trace).

All told, the notice plan resulted in direct contact to 2,950 persons – or 88.4% of class members.

In addition, a website was established (www.oaklandcosettlement.com), notice was published in the Oakland Press for three consecutive weeks, and the Claims Administrator staffed a call center.

Notices were mailed on September 16, 2022. Following mediation with the Objectors with retired Judge Rosen on November 10, the parties agreed to extend the claims deadline from December 15, 2022 to March 1, 2023. Class members will receive an additional postcard mailing informing them of this change.

A notice plan must be "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany,* 409 F.3d 279, 283 (6th Cir. 2005). The notice plan was so calculated and was successful.

2. <u>The Claims Rate.</u>

As of this date, 144 claims have been received and 74 opt outs have been received. The total value of the claims submitted as of this time is $2.6 million. Under the terms of the Settlement Agreement, Oakland County may use unclaimed funds to settle claims brought by persons who have opted out of the

class. Settlement Agreement, ECF No. 61-2, PageID. 1044. Oakland County has already agreed to settle 51 opt outs for the full value of their claim ($2,580,000), plus 2.75% interest compounded annually from July of the year of foreclosure through the end of the claims period. ECF No. 98-2, PageID. 2635-2641.

As of this early date, with three months left to go in the claims period, between the claims and the settled opt outs, the claim rate is 10.8%.

The settlement, with the improvements made by the Objectors, is fair, reasonable, and appropriate. The Court should approve the settlement at the fairness hearing.

### 3. Resolution of Objections.

Retired Judge Rosen worked with the parties to resolve the objections. First, the claims period has been extended from December 15, 2022 (and January 14, 2023 for decedent's estates) to March 1, 2023 for everyone. Second, further tax research showed that it is unnecessary to issue a form 1099-S. Third, after attorney fees and incentive awards are paid, all valid claims – with interest – will be paid before any other expenditures.

As a result of the improvements brought on by the Objectors, Class Counsel will reallocate their attorney fees so that Class Counsel will receive $11 million and Objectors' counsel will receive $1.6 million. In addition, Oakland County

has agreed to pay the opt outs represented by Visser and Associates the full value of their claims with interest and $500,000 in the aggregate in attorney fees as specified in the agreement.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
**WILLIAM H. HORTON** (P31567)
**JOHN R. FLEMING** (P79748)
Attorneys for Oakland County Defendants
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
bhorton@gmhlaw.com

Date: November 21, 2022

## CERTIFICATE OF SERVICE

On November 21, 2022, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically, and will serve via First Class U.S. mail to the following:

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Oakland County
bhorton@gmhlaw.com