# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| TONYA BOWLES and<br>BRUCE TAYLOR,<br><br>       Plaintiff,<br><br>v.<br><br>ERIC R. SABREE, COUNTY OF WAYNE<br>BY ITS BOARD OF COMMISSIONERS<br>ALSO SOMETIMES KNOWN AS CHARTER<br>COUNTY OF WAYNE BY ITS BOARD OF<br>COMMISIONERS, COUNTY OF<br>OAKLAND, AND ANDREW MEISNER,<br><br>       Defendant. | Civil Case No. 20-12838 |

## DECLARATION OF AMY LECHNER OF SIMPLURIS, INC. REGARDING NOTICE AND CLAIMS ADMINISTRATION

I, Amy Lechner, declare as follows:

    1.    I am employed as a Senior Project Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our corporate office address is 3194-C Airport Loop Dr., Costa Mesa, CA 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself. I have personal knowledge of the information set forth herein.

    2.    Simpluris is a class action administrator located in Costa Mesa, California. Established in 2007, Simpluris has administered over 6,000 cases nationwide, with class sizes ranging from a few hundred to over one million class members. Representative cases include: *Myart v. AutoZone, Inc.* and *Aceves v. Autozone, Inc.* (US District Court, CA Central Division) (208,050 class members), *Diaz v. SeaWorld* (Superior Court of the State of California)

(1,281,123 class members), and *Woods v. Vector Marketing* (US District Court, Northern District of California) (194,500 class members).

    3.    Simpluris was approved by Counsel for both Parties and appointed by the Court in the Opinion and Order (1) Denying Defendants' Motions For Recosideration; (2) Granting Defendant County of Oakland's Joint Motion for Approval of Notice Plan and Appointment of Claims Administrator; (3) Granting Defendant County of Oakland's Joint Motion for Preliminary Approval of Settlement; (4) Granting Bruce Taylor's Petition for Attorneys' Fees; and (5) Denying County of Oakland's Motion To Strike ("Preliminary Approval Order"), entered on September 6, 2022, to provide settlement administration services in this settlement. In this capacity, Simpluris was charged with the following:

    a.    Establishing and maintaining a settlement-specific website (www.OaklandCoSettlement.com);

    b.    Establishing and maintaining a settlement-specific toll-free phone number (1-866-606-6023), offering the opportunity to listen to frequently-asked questions, or to speak with a representative;

    c.    Establishing a P.O. Box to receive undeliverable Notices, paper Claim Forms, requests for exclusion, objections to the proposed settlement, and any other correspondence submitted by Settlement Class Members;

    d.    Emailing, or printing and mailing, as needed, a Long Form Notice, Claim Form, and Request for Exclusion form for Settlement Class Members;

    e.    Rceiving and processing Settlement Class Members' Requests for Exclusion from the proposed settlement and objections to the proposed settlement;

    f.    Receiving, processing, and validating Settlement Class Members' Claim Forms, whether submitted online or by mail;

    g.    Processing and issuing payments via check to eligible Settlement Class Members, and sending payments to the Settlement Class Representative and Settlement Class Counsel;

DECLARATION OF AMY LECHNER REGARDING NOTICE AND CLAIMS ADMINISTRATION

h.   Providing counsel for the Parties with weekly status reports; and

i.   Other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

## MAILED NOTICE

4.      Pursuant to the Preliminary Approval Order, Simpluris formatted the Long Form Notice, Claim Form, and Request to Opt Out Form ("Notice Packet") to mail to the Class Members. Attached hereto as **Exhibits A through C** are the Long Form Notice, Claim Form, and Request to Opt Out Form, respectively.

5.      The Notice Packet advised Settlement Class Members of their right to make a claim, request exclusion from the settlement, object to the settlement, or do nothing, and the implications of each such action. The Notice Packet advised Settlement Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Settlement Class Members could obtain additional information.

6.      On or about July 28, 2022, Counsel for Defendant provided Simpluris with an excel workbook titled 'Master List Claims Data' containing 5 separate worksheets of data obtained from the County of Oakland. From the worksheets identified by counsel as relevant, Simpluris extracted 3,565 records containing names and addresses for individuals with a potential claim related to 2,084 Parcel IDs. After deduplicating and cleansing the list of discernibly undeliverable records, Simpluris identified 3,336 names and addresses as mailable to receive the Notice Packet ("Class List"). The Class List was loaded to a settlement-specific database.

7.      On September 16, 2022, Simpluris ran the Class List through the United States Postal Service change-of-address database and updated addresses where available. Simpluris then mailed the Notice Packet to 3,336 Class Members in the Class List. As of November 21, 2022, 602 Notice Packets have been returned by the U.S. Postal Service. Of the returned mail, Simpluris was able to remail 232 Notice Packets. There were a total of 386 undeliverable mailings returned between the initial Notice Packet mailing and the remailed Notice Packets.

DECLARATION OF AMY LECHNER REGARDING NOTICE AND CLAIMS ADMINISTRATION

**PUBLICATION NOTICE**

8.      Simpluris caused a Summary Notice to be published in *The Oakland Press*, to appear in three (3) weekly publications, beginning on September 18, 2022 and concluding on October 2, 2022. Attached hereto as **Exhibit D** is a true and correct copy of the Affidavit of Publication and tear-sheet of the published Notice.

**WEBSITE AND TELEPHONE NUMBER**

11.      Simpluris prepared and maintains a Settlement Website, www.OaklandCoSettlement.com, that includes important dates and deadlines, and settlement-related documents, including the Settlement Agreement and the Preliminary Approval Order, as well as the Claim Form and Opt Out Form. The website has been available to the public since September 16, 2022. As of November 21, 2022, the website has been visited by 3,575 unique visitors with 4,253 page views.

12.      A toll-free telephone number was included in the Notice and on the Settlement website for the purpose of allowing the Settlement Class Members to make inquiries regarding the Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process. Callers have the option to speak with a live call center representative during normal business hours. The toll-free telephone number included in the Notice Packet and on the Settlement Website is (866) 606-6023.  This number is active and has been available to the public since September 16, 2022. As of November 21, 2022, the toll-free telephone number has received 54 calls.

**REQUESTS FOR EXCLUSION AND OBJECTIONS**

13.      The postmark deadline for Settlement Class Members to submit an Opt Out Form to request exclusion from the proposed Settlement, or to submit an objection to the proposed Settlement, was October 17, 2022.

14.      As November 21, 2022, Simpluris received seventy-three (73) Opt Outs and six (6) objections to the proposed Settlement from Settlement Class Members.

DECLARATION OF AMY LECHNER REGARDING NOTICE AND CLAIMS ADMINISTRATION

15.     Of the 74 Opt Outs received, 7 are considered deficient because they are missing required information or submitted a contradictory form, and 11 are considered late because they were postmarked after the deadline or received from counsel without a postmark date (provided directly to Defense counsel). Simpluris received 55 timely and valid Opt Outs.

16.     Objections were received directly by Defense counsel and Simpluris is aware that more objections were filed than Simpluris received in copy.

## CLAIM FORMS RECEIVED

15.     As of November 21, 2022, Simpluris has received a total of 153 Claim Forms. Of these, 39 have been identified as deficient because they are missing required information or a contradictory form was submitted. A deficiency letter was sent to each Class Member who submitted a deficient claim and 17 deficiencies have been resolved, so 131 Claim Forms are currently considered validly submitted. A detailed review of the Claim Forms and documentation submitted in support will be undertaken at the end of the claims filing period.

## ADMINISTRATION COSTS

16.     Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, is currently $114,334. This does not include additional administration costs for an anticipated supplemental notice to Class Members who have not filed a Claim Form or Opt Out form as may be ordered by the Court. Attached hereto as **Exhibit E** is a copy of Simpluris' current project proposal.

I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 21st day of November, 2022, in Philadelphia, Pennsylvania.

*Amy Lechner*

AMY LECHNER

DECLARATION OF AMY LECHNER REGARDING NOTICE AND CLAIMS ADMINISTRATION

# EXHIBIT A

**United States District Court**
**Eastern District of Michigan**
**Southern Division**

*Bowles v. County of Oakland, et al., Case No. 20-cv-12838*

**Date of Notice: September 16, 2022**

**If you or a deceased family member lost your real estate to a tax foreclosure in Oakland County, Michigan, between 2009 and 2020, a $38 million settlement may affect your rights.**

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»
«Notice_Encoded»

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Class Representatives ("Plaintiffs") and Oakland County have reached a settlement ("the Settlement") in a class action lawsuit called *Bowles v County Of Oakland, et al*., Case No 20-12838.

- Plaintiffs allege that Oakland County violated the law by foreclosing on the homes of property owners for unpaid taxes and retaining more than the tax delinquency after the properties were sold at a tax foreclosure auction.

- Oakland County denies wrongdoing and asserts it was following state law and procedures that were required to be taken when a property owner does not pay their property taxes.

- The Court has not decided who is right or wrong.  Instead, Plaintiffs and Oakland County have agreed to the Settlement to avoid the risk and cost of further litigation.

- If you are receiving this Notice, you have been identified as a Class Member.  If approved by the Court, the Settlement will establish a $38 million Settlement Fund ("the Settlement Fund") for the common benefit of the class ("the Settlement Class").

- Your legal rights are affected whether you act or do not act, so please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION | |
|---|---|
| **FILE A CLAIM** | <ul><li>File a claim for payment by mail.</li><li>Be bound by the Settlement.</li><li>Give up your right to sue.</li><li>Claims must be postmarked by **December 15, 2022**.</li><li>Give up your right to sue Oakland County for claims that arise from a tax foreclosure.</li><li>A Claim form and return envelope is enclosed.</li></ul> |
| **ASK TO BE EXCLUDED ("OPT OUT")** | <ul><li>Remove yourself from the Class.</li><li>Receive no payment.</li><li>Keep your right to file a separate lawsuit.</li><li>A request to opt out must be postmarked by **October 17, 2022**.</li><li>A request to opt out and a return envelope is enclosed.</li></ul> |

NOTICE OF CLASS ACTION SETTLEMENT

«Barcode»
«BarcodeString»

SIMID  «SIMID»

| OBJECT | • Write to the Court about why you do not like the Settlement.<br>• Any objection must be postmarked by **October 17, 2022**. |
| --- | --- |
| **ATTEND THE HEARING** | • Ask to speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | • Receive no payment.<br>• Be bound by the Settlement.<br>• Give up your right to sue Oakland County for claims that arise from a tax foreclosure. |

## BASIC INFORMATION

### 1. Why did I receive this Notice?

You received this Notice because a review of government records indicates that you had one or more parcels of property foreclosed by the Treasurer of Oakland County for the non-payment of property taxes and the property was sold at auction for more than the tax, fees, interest and penalties that were owed.

The Court caused this Notice to be sent to you because, if you fall within the definition of the Class, you are a Class Member and, therefore, you have a right to know about the pending Class Action and the Settlement.

If the Court approves the Settlement, and after any objections and appeals are resolved, you will be bound by the terms of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights and options, and the deadline for you to exercise your rights.

Judge Linda V. Parker of the United States District Court for the Eastern District of Michigan, Southern Division, in Detroit, Michigan, is overseeing the Class Action and the Settlement.

### 2. What is this lawsuit about?

Plaintiff Bruce Taylor asserts on behalf of himself and other similarly situated persons and entities ("Class Members") that Oakland County foreclosed on his property and the tax foreclosure auction sale produced more money than what Plaintiff Bruce Taylor owed in unpaid taxes, fees, interest and penalties (the "surplus").

Plaintiff Bruce Taylor asserts, among other claims, that Oakland County violated the law by wrongfully retaining the surplus from the auction belonging to him and other Class Members.

Oakland County denies that it is liable and denies that it is required to refund the surplus.

### 3. What is a class action and who is involved?

In a class action lawsuit, class representatives sue on behalf of others who have similar claims. All of the people who have similar claims are a "class" or "class members." Individual class members do not have to file a lawsuit to participate in the class action settlement or be bound by the settlement in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

### 4. Why is there a Settlement?

On July 17, 2020, the Michigan Supreme Court held that former property owners have a right to the surplus resulting from the tax foreclosure sale of their property. The Court held that Oakland County violated the Michigan Constitution by retaining the surplus obtained from the tax foreclosure auction sale beyond the amount of the tax delinquency.

Thereafter, Plaintiff Bruce Taylor filed this lawsuit alleging that Oakland County failed to return the surplus owed to him and the Class Members. The Court decided this case should proceed as a class action lawsuit. In a related case in the Michigan courts, the Court decided that the Supreme Court ruling only applies to future cases, not this one. That decision is on appeal.

The parties have subsequently engaged in settlement negotiations and have agreed to the Settlement in this case.

«Barcode»
«BarcodeString»

SIMID «SIMID»

## WHO IS IN THE SETTLEMENT CLASS?

### 5. Who is included in the Class? Am I part of this Class?

The Class is defined as follows:

All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount.  The period at issue is June 8, 2009 through July 17, 2020.  Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

If the former property owner is now deceased, you may make a claim on behalf of that person's estate if you are a beneficiary or heir of the decedent.

If you are unsure whether you are included in the Class, you may ask for help. Please contact the Claims Administrator or Class Counsel, whose contact information is shown below.

### SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

The Settlement provides monetary payments to Class Members who submit a valid claim by **December 15, 2022**. If the Court approves the Settlement, in exchange for Class Members' release of their claims against Oakland County, a Settlement Fund of $38 million will be established for the common benefit of the Class.  After paying Class Counsel's Attorney Fees and Expense Awards, the fund will be distributed to Class Members as follows:

- If the total claims made by Class Members are equal to or less than the amount in the Settlement Fund, Class Members will receive 100% of the amount of the surplus produced from the tax foreclosure auction sale of their former property.
- If the total claims made by Class Members exceed the amount in the Settlement Fund, Class Members will receive a pro rata or proportional share of the Settlement Fund.
- If funds remain in the Settlement Fund after other payments, Class Members who make a claim may also receive a payment of interest on their claim.
- Payments will be reported to the Internal Revenue Service.

### 7. How do I get a payment?

To make a claim and receive a payment, you must be one of the property owners at the time of the foreclosure and file a claim by mail, postmarked by **December 15, 2022**.  You must also include a copy of a government issued identification such as a driver's license, voter registration card or other identification.  A claim form and an addressed, postage paid envelope is included in this Notice.  The claim form must be mailed to the Claims Administrator:

Bowles v. County of Oakland
C/O Settlement Administrator
P.O. Box 25188
Santa Ana, CA 92799

«Barcode»
«BarcodeString»

SIMID  «SIMID»

**8.  What am I giving up by staying in the class?**

Unless you exclude yourself, you remain in the Settlement Class.  This means you cannot sue Oakland County based on the facts and legal theories involved in the case.  It also means that all of the Court's orders will apply to you and legally bind you.

**9.  What happens if I do nothing at all?**

If you do nothing, you will remain in the Settlement Class.  However, if you were entitled to share in the Settlement Fund and you do not make a claim, you will not receive a payment.

## EXCLUDING YOURSELF FROM THE CLASS

**10.  How do I exclude myself from the class?**

If you are a member of the Settlement Class and do not want to be legally bound by the Settlement, or if you wish to pursue your own separate lawsuit against Oakland County, you must exclude yourself from the Class.  This requires submitting a written request to the Claims Administrator stating your intent to exclude yourself from the Class.  You must be one of the property owners at the time of the foreclosure to request to be excluded.  The Court will exclude you from the class if you properly request to be excluded.  Your rights may be different if you exclude yourself, including potential dismissal of your case.

You must mail your Request to Opt Out, postmarked by **October 17, 2022** to:

Bowles v. County of Oakland
C/O Settlement Administrator
P.O. Box 25188
Santa Ana, CA 92799

A form to be excluded from the Class is included with this Notice.

**11.  If I do not exclude myself, can I sue Oakland County for the same thing later?**

No.  If you do not exclude yourself, you give up the right to sue Oakland County for any claims related to a tax foreclosure.

## OBJECTING TO THE SETTLEMENT

**12.  How do I tell the Court that I do not like the Settlement?**

If you are a Class Member and have not excluded yourself from the Settlement, you can object to the Settlement if you do not like part or all of it.  The Court will consider your views.

To object, you must send a letter or other written statement by **October 17, 2022** saying that you object to the Settlement in *Bowles v County. of Oakland, et al*. and the reasons why you object to the Settlement.  The letter must include:

- Your name, address, and telephone number.
- The address of the property that was foreclosed.
- A description of the objections, including a description of any legal authority and supporting documentation you wish the Court to consider.
- Your signature on the written objection.

Do not send your objection to the Court.  Instead, mail the objection to the Claims Administrator with copies to Counsel at the addresses listed below:

«Barcode»
«BarcodeString»

SIMID  «SIMID»

| Settlement Administrator: | Class Counsel: | Defendant's Counsel: |
|---|---|---|
| Bowles v. County of Oakland C/O Settlement Administrator P.O. Box 25188 Costa Mesa, CA 92799 info@oaklandcosettlement.com. | The Law Offices of Aaron D. Cox, PLLC Attn: Aaron Cox 23820 Eureka Rd. Taylor, Michigan 48180 aaron@aaroncoxlaw.com | Giarmarco, Mullins & Horton, P.C. Attn: John Fleming 101 W. Big Beaver Rd. Troy, MI 48084 jfleming@gmhlaw.com |

**13. What is the difference between excluding myself and objecting?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class. If you exclude yourself, you are no longer a member of the Settlement Class and do not have a right to share in the Settlement Fund or to object because the Settlement no longer affects you.

### THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

Yes. The Court has approved the appointment of Aaron Cox, Mark Wasvary, David Shea, Phillip Ellison, and Matthew Gronda as Class Counsel. You may contact Class Counsel by email at admin@aaroncoxlaw.com in writing at 23820 Eureka Rd., Taylor, MI 48180 or by telephone at 734-287-3664

**15. How will the lawyers be paid?**

Class Counsel has submitted an application to the Court for an award of attorney fees and for reimbursement of expenses and costs to be paid out of the Settlement Fund. Class Counsel has requested attorney fees of 33% of the Settlement Fund. The Court has preliminarily approved 33% of the Settlement Fund in fees and $10,000 in costs and service fees to the Class Representative. You will not directly be responsible for paying these fees.

**16. Can I hire my own lawyer?**

Yes. If you want to be represented by your own lawyer, you may hire one at your own expense. An attorney can enter an appearance on your behalf in the case.

### THE FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. The Court will hold a Fairness Hearing at 10:00 a.m. on November 22, 2022 at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit MI 48226. The judge is the Honorable Linda Parker. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

The Court will also consider whether to approve attorneys' fees and expenses. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

**18. Do I have to come to the Fairness Hearing?**

No. You are welcome to come at your own expense. If you send an objection, you do not have to come to the hearing to speak about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**19. May I speak at the hearing?**

You may ask to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Bowles v Oakland County, et al,* Case No. 20-cv-12838." Be sure to include your name, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked by **October 17, 2022** and must be sent to the Class Counsel, Defendant's Counsel, and the Clerk of the Court. The address for the Clerk of the Court is: Clerk of the Court, United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit MI 48226.

The address for Class Counsel and Defendants' Counsel are provided in Question 12.

**DECEASED PERSONS**

**20. What if the owner of the property at the time of the foreclosure is now deceased?**

If the property owner at the time of the foreclosure is now deceased, his or her probate estate may be eligible to receive a payment from the Settlement Fund. If you are a beneficiary or heir of the decedent, you may file a claim on behalf of the decedent, but any payment will only be made to the estate of the decedent. If an estate in probate court has been opened, you must provide information regarding the estate and Letters of Authority showing who is authorized to act on behalf of the estate. If an estate in probate court has not been opened, you must open one and provide information regarding the estate and Letters of Authority showing who is authorized to act on behalf of the estate. Additional information regarding making a claim on behalf of a decedent is included in the Claim form.

**Please do not contact the Court with questions. Please refer to the website www.OaklandCoSettlement.com for more information, call the Claims Administrator at (866) 606-6023 or Class Counsel.**

«Barcode»
«BarcodeString»

SIMID  «SIMID»

# EXHIBIT B

## OAKLAND COUNTY TAX FORECLOSURE
## <u>SURPLUS PROCEEDS CLAIM FORM</u>

**You may be eligible to receive a cash payment if your property was foreclosed by Oakland County and sold at a tax auction from 2009 through 2020 and the tax auction produced surplus proceeds.**

| |
|---|
| **MUST BE POSTMARKED NO LATER THAN DECEMBER 15, 2022** |

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»
«Notice_Encoded»

| |
|---|
| **SEND COMPLETED CLAIM FORM TO:**<br><br>**Bowles v. County of Oakland**<br>**C/O Settlement Administrator**<br>**P.O. Box 25188**<br>**Santa Ana, CA 92799**<br><br>**A postage paid, addressed envelope is enclosed.** |

## INSTRUCTIONS FOR COMPLETING THIS CLAIM FORM

1. Please provide all the requested information below in the designated sections.

2. In order for your claim to be considered, you must have been an owner of the real estate at the time of foreclosure, you must sign the claim form and include a copy of your driver's license or other government issued identification, and mail it to the address above, postmarked no later than **December 15, 2022**.  A prepaid, addressed envelope is enclosed.

3. If you are submitting this claim on behalf of a decedent, the person submitting the claim must be a beneficiary or heir of the deceased person.  A payment will only be made to the decedent's estate.  See further instructions below.

4. If the property was owned by a trust, a Certificate of Trust must be enclosed.

By submission of this claim form, you are consenting to the disclosure of your information for use by the Claims Administrator in the claims administration process. The information you provide will be used solely to investigate and process your claim. It will not be used for any other purpose. **Your claim will be rejected if it is not signed and postmarked by December 15, 2022 along with a copy of your ID.**  Do not mail your claim to the Court.

«Barcode»
«BarcodeString»

SIMID  «SIMID»

## 1. YOUR INFORMATION.

| First Name: | |
|---|---|
| Middle Initial: | |
| Last Name: | |
| Social Security Number/Tax ID: | |
| Current Street Address: | |
| Current City: | |
| Current State: | |
| Current Zip Code: | |
| Phone Number: | |
| Email Address: | |

## 2.  PROPERTY THAT WAS FORECLOSED.

| Street Address: | |
|---|---|
| City: | |
| Zip Code: | |
| Parcel/Tax ID number (if known): | |
| Year of Tax Foreclosure: | |

**NOTE:** If you make a valid claim and the foreclosure records show additional persons had an ownership interest in the real property at the time of foreclosure, the claim will be paid to all parties. Payments will be reported to the internal revenue service.

## 3. DECEDENT CLAIM.

☐ CHECK THIS BOX IF YOU ARE MAKING THIS CLAIM ON BEHALF OF A DECEDENT. <u>YOU MUST BE A BENEFICIARY OR HEIR OF THE DECEDENT</u>.  PLEASE STATE:

| What is the Decedent's name? | |
|---|---|
| What is your name? | |
| What is your relationship to Decedent? | |
| Date of death: | |

☐ I ATTACH A <u>CERTIFIED COPY OF THE LETTERS OF AUTHORITY</u> ISSUED BY THE PROBATE COURT FOR THE ESTATE OPENED IN PROBATE COURT ON BEHALF OF THE DECEDENT.

**NOTE:** If no estate has been opened in probate court on behalf of the decedent, **you must open an estate in Probate Court and provide a certified copy of Letters of Authority for the estate** in order to be eligible for payment. You must mail with this Claim Form a certified copy of the Letters of Authority, postmarked no later than **January 14, 2023**. Any payment will be made only to the estate of the deceased person and not to estate beneficiaries.

«Barcode»
«BarcodeString»

SIMID «SIMID»

## <u>VERIFICATION AND SIGNATURE</u>

Check all 3 boxes and complete the Signature Section before you submit your Claim Form:

☐   I affirm under the laws of the United States and the laws of my state of residence that the information supplied in this claim is true and correct to the best of my knowledge and that this claim was executed on the date set forth below.

☐   I include a copy of my driver's license or other government issued identification.

☐   I understand that I may be asked to provide supplemental information to the Claims Administrator before my claim will be considered.

| |
|---|
| Signature: |
| Dated: |
| Print Name: |
| Title (if signing on behalf of a business entity): |

«Barcode»
«BarcodeString»

SIMID  «SIMID»

# EXHIBIT C

# OAKLAND COUNTY TAX FORECLOSURE
## <u>TAX SURPLUS PROCEEDS REQUEST TO OPT-OUT</u>

**Use this form to opt out of the settlement.  It EXCLUDES you from this Class Action settlement.
DO NOT use this form if you wish to remain in the Class Action settlement.**

| MUST BE POSTMARKED NO LATER THAN OCTOBER 17, 2022 |
| --- |

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«BusinessName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

SIMID «SIMID»
«Notice_Encoded»

---

**SEND COMPLETED OPT-OUT FORM TO:**

**Bowles v. County of Oakland
C/O Settlement Administrator
P.O. Box 25188
Santa Ana, CA 92799**

**A postage paid, addressed envelope is enclosed.**

---

## 1.    YOUR INFORMATION.

| | |
| --- | --- |
| First Name: | |
| Middle Initial: | |
| Last Name: | |
| Current Street Address: | |
| Current City: | |
| Current State: | |
| Current Zip Code: | |
| Phone Number: | |
| Email Address: | |

## 2.    PROPERTY THAT WAS FORECLOSED.

| | |
| --- | --- |
| Street Address: | |
| City: | |
| Zip Code: | |
| Parcel/Tax ID number (if known): | |
| Year of Tax Foreclosure: | |

«Barcode»
«BarcodeString»

SIMID  «SIMID»

## <u>VERIFICATION AND SIGNATURE</u>

Check all 3 boxes and complete the Signature Section before you submit the Opt-Out Form:

☐     I affirm under the laws of the United States and the laws of my state of residence that the information supplied in this opt out form is true and correct to the best of my knowledge and that this claim was executed on the date set forth below.

☐     I understand that by opting out of the Class Action settlement, I will not be eligible to receive a payment as a result of the Settlement.

☐     I do not wish to receive compensation under the terms of the Settlement or to otherwise participate in the Class Action.

| Signature: |
|---|
| Dated: |
| Print Name: |
| Title (if signing on behalf of a business entity): |

«Barcode»
«BarcodeString»

SIMID «SIMID»

# EXHIBIT D



**MICHIGAN GROUP**

## AFFIDAVIT OF PUBLICATION
2125 Butterfield Dr, Suite 102N  •  Troy MI 48084

**SIMPLURIS**
3194 Airport Loop DR STE C

**COSTA MESA, CA  92626**
**Attention: Brian Arnesen**

STATE OF MICHIGAN,
COUNTY OF OAKLAND

The undersigned _Christy Slater (Mary Slater)_, being duly sworn the
he/she is the principal clerk of Oakland Press, theoaklandpress.com, published in the
English language for the dissemination of local or transmitted news and intelligence of
a general character, which are duly qualified newspapers, and the annexed hereto is a
copy of certain order, notice, publication or advertisement of:

**SIMPLURIS**

### Published in the following edition(s):

| | |
|---|---|
| Oakland Press | 09/18/22 |
| Oakland Press | 09/25/22 |
| Oakland Press | 10/02/22 |
| theoaklandpress.com | 09/18/22 |
| theoaklandpress.com | 09/25/22 |
| theoaklandpress.com | 10/02/22 |

**PUBLICATION NOTICE**

United States District Court, Eastern District of Michigan -
Southern Division
Bowles v. County of Oakland, et al., Case No. 20-cv-12838
If you or a deceased family member lost your real estate to a
tax foreclosure in Oakland County, Michigan, between 2009
and 2019, a $38 million settlement may affect your rights.
Class Representatives ("Plaintiffs") and Oakland County
have reached a settlement ("the Settlement") in a class ac-
tion lawsuit called Bowles v County Of Oakland, et al., Case
No 20-12838. Plaintiffs allege that Oakland County violated
the law by foreclosing on the homes of property owners for
unpaid taxes and retaining more than the tax delinquency
after the properties were sold at a tax foreclosure auction.
Oakland County denies wrongdoing and asserts it was fol-
lowing state law and procedures that were required to be
taken when a property owner does not pay their property
taxes. The Court has not decided who is right or wrong.
Instead, Plaintiffs and Oakland County have agreed to the
Settlement to avoid the risk and cost of further litigation.
Class Members have been mailed a Notice with instructions
on how to file a Claim or opt out of the Settlement. If you
believe you are a Class Member and have not received a No-
tice, please review the case information on the Settlement
Website at www.OaklandCoSettlement.com or call the Set-
tlement Administrator at (866) 606-6023. You must complete
and submit a Claim Form postmarked by December 15, 2022,
for your claim to be considered.

VICKI ARSENAULT
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires May 11, 2026
Acting in the County of _____

Sworn to the subscribed before me this _5 Oct, 2022_

_Vicki Arsenault_

**Notary Public, State of Michigan**
**Acting in Oakland County**

**Advertisement Information**

| Client Id: | 1416705 | Ad Id: | 2375470 | PO: | | Sales Person: | 200308 |
|---|---|---|---|---|---|---|---|

# EXHIBIT E



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

| | | | |
|---|---|---|---|
| Estimate #: | 14822V7 | Prepared By: | Michael Sutherland |
| Estimate Date: | 4/26/2022 | Direct Dial #: | 321.223.5067 |
| | | Email: | msutherland@simpluris.com |

| | Attorney | | Attorney |
|---|---|---|---|
| Attorney/Client: | **John Fleming Bill Horton** | Attorney/Client: | |
| Firm: | Giarmarco, Mullins & Horton, P.C. | Firm: | |
| Email: | jfleming@gmhlaw.com | Email: | |

**Case Name:  Bowles v County of Oakland (aka Rafaeli): Settlement**

| Anticipated Total Cost | $114,334 |
|---|---|

**Terms:**
1) Estimated Fees assume that Simpluris will receive data in a Single Excel file with no substantial change in class size or response rate.
2) Federal Ex billed seperatly*.3) Hourly billing for manual search/Clear* 4) Any additional work provided by Simpluris at clients request will be

| | | | |
|---|---|---|---|
| Total Possible Class Size: | 3,337 | Undeliverable Rate: | 25% |
| Response Rate: | 50% | Call Rate: | 10% |
| Mailing Document Language: | English | Re-distribution: | TBD |
| Reminder Postcard / Letter: | No | State(s): | One |
| Unclaimed Funds | Cy Pres | Tax Years | Two |

## Case Setup

| Data Compilation - Develop Case Specific Response Tracking - Error Reports | | | |
|---|---|---|---|
| Category | Unit Value | # of Units | Total |
| Skip Trace Level II prior to initial notice | $1.00 | 3,337 | $3,337.00 |
| Project Manager - Case Setup, Website posting | $3,000.00 | 1 | $3,000.00 |
| Website Development . | $2,500.00 | 1 | $2,500.00 |
| Database Manager - Initial Data Analysis | $2,000.00 | 1 | $2,000.00 |
| | | Total | $10,837.00 |

## Notification

| Notice Packet: 6 pg Notice, Pre paid postage for returned mail  - Double Sided - English | | | |
|---|---|---|---|
| Category | Unit Value | # of Units | Total |
| NCOA/CASS/LACS-prior to initial Notification | $0.05 | 3,337 | $166.85 |
| Skip Trace RUM-IDI Data  75% | $2.50 | 2,836 | $7,091.13 |
| Mail Notice | $1.00 | 3,337 | $3,337.00 |
| Postage | $0.53 | 3,337 | $1,768.61 |
| High Level Trace Locate-Accurint - 25% | $2.50 | 834 | $2,085.63 |
| Remail Notice Packet | $1.50 | 834 | $1,251.38 |
| Postage | $0.53 | 834 | $442.15 |
| Pre- Paid Postage | $0.63 | 2,002 | $1,261.39 |
| Mail Supervisor | $50.00 | 2 | $100.00 |
| | | Total | $17,504.12 |

## Publication

| Notice Packet: 6 pg Notice, Pre paid postage for returned mail  - Double Sided - English | | | |
|---|---|---|---|
| Category | Unit Value | # of Units | Total |
| The Oakland Press - 2-Col Legal Ad – 3 Runs | $2,254.00 | 3 | $6,762.00 |
| Marketing Executive | $125.00 | 1 | $125.00 |
| | | Total | $6,887.00 |

Confidential and  Proprietary

## Call Center

Establish Case Specific Toll Free Number. Develop escalation procedure to Counsel.

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Customer Service Reps / Call Center Support | $75.00 | 29 | $2,175.00 |
| IVR Set up | $500.00 | 1 | $500.00 |
| Monthly IVR Maintenance | $250.00 | 12 | $3,000.00 |
| Outbound calls to PCM for information and claims | $5.00 | 2500 | $12,500.00 |
| 800 # Charges | $0.15 | 5452 | $817.80 |
| | | Total | $18,992.80 |

Confidential and Proprietary



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

## Claims Administration

Process Mail: Claims, Opt-Outs and/or Objections. Specific information on what the claimant is entitled to needs to be directed to class counsel.

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Database Manager | $2,000.00 | 1 | $2,000.00 |
| Resolving Mismatched TIN's | $75.00 | 3 | $225.00 |
| Disputes / Deficiencies - Send One Cure Letter | $1.50 | 334 | $500.55 |
| Opt Out Processing, Claim Processing | $2.50 | 1669 | $4,171.25 |
| Data Entry | $50.00 | 14 | $700.00 |
| Deceased member resolution process* estimated | $75.00 | 167 | $12,513.75 |
| Project Manager | $2,500.00 | 1 | $2,500.00 |
| Weekly Reporting to Counsel | **WAIVED** | 12 Wks of Reporting | $0.00 |
| | | Total | $22,610.55 |

## Distribution

Setup a Disbursement Account. Checks over $10,000 are delivered  by FedEX signature required.* Verification using SSN*/Drivers License/Government ID. Date of forclosure.

Print & Mail Checks to Class Members -  File Reports with Appropriate Federal & State Taxing Authorities

Account Management & Reconciliation

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Disbursement Data Preparation | $140.00 | 6 | $840.00 |
| Disbursement Manager - Data Validation | $75.00 | 2 | $150.00 |
| Setup Banking Account / QSF | $300.00 | 1 | $300.00 |
| Print & Mail Checks 1099's only* | $3.00 | 1669 | $5,005.50 |
| Postage | $1.60 | 1669 | $2,669.60 |
| Federal Express over $10,000-20% Estimated | $60.00 | 334 | $20,022.00 |
| Process Returned Checks | $0.50 | 17 | $8.34 |
| Skip Trace Search Undeliverable Checks | $5.00 | 17 | $83.43 |
| Remail Checks | $4.00 | 17 | $66.74 |
| QSF Account Reconciliation-2022/2023 | $250.00 | 2 | $500.00 |
| Individual Federal / State Tax Reporting | $250.00 | 1 | $250.00 |
| QSF Reporting / Declaration | $1,000.00 | 2 | $2,000.00 |
| QSF Annual Tax Preparation Fee-/2022/2023 | $1,000.00 | 2 | $2,000.00 |
| Reissuing Checks/Mailing | $3.00 | 2 | $6.00 |
| Postage | $0.58 | 2 | $1.16 |
| Disbursement Manager | $125.00 | 4 | $500.00 |
| | | Total | $34,402.77 |

**simpluris**

3194-C Airport Loop Drive
Costa MCA 92626
800-779-2104  www.simpluris.com

## Case Wrap Up

Send Final Reports to Counsel

| Category | Unit Value | # of Units | Total |
|---|---|---|---|
| Data Manager: Final Reporting | $125.00 | 10 | $1,250.00 |
| Clerical: Clean Up Any Misc | $50.00 | 12 | $600.00 |
| Project Manager: Wrap-up Final Issues | $125.00 | 10 | $1,250.00 |
| | | Total | $3,100.00 |

| | | | |
|---|---|---|---|
| Postage | $2,669.60 | **Total Case Costs** | **$114,334.24** |

Confidential and  Proprietary



3194-C Airport Loop Drive
Costa Mesa, CA 92626
800-779-2104  www.simpluris.com

All administration services to be provided by Simpluris to Client, are provided subject to the following terms and conditions:

1. **Services.** Simpluris agrees to provide Client those services set forth in the Bid (the "Services") to which these terms and conditions are attached and which has been provided to Client. As compensation for such Services, Client agrees to pay the fees for Services outlined in the Bid. However, Client such fees for Services are estimated based on the requirements provided by Client and actual fees charged by Simpluris may be greater or less than such estimate and Client will be responsible for the payment of all such fees.

2. **Billing and Payment.** Simpluris will invoice Client on a regular basis unless a specific timeframe is otherwise set forth in the Bid. Client shall pay all invoices within 30 days of receipt. Amounts unpaid after thirty (30) days are subject to a service charge at the rate of 1.5% per month or, if less, the highest rate permitted by law. Services are not provided on a contingency basis and Client shall remain liable to Simpluris for all fees for the Services, regardless of any court decisions, and/or actions by the parties, including disapproval or withdrawal of a settlement.

3. **Retention of Documents.** Unless directed otherwise in writing by the Client, Simpluris will destroy all undeliverable mail (except for undeliverable checks) on the date that it is processed and retained in Simpluris' system. Simpluris will maintain records to establish that the subject mail is undeliverable. Simpluris will retain undeliverable checks until the Qualified Settlement Fund is closed. Simpluris will also retain all other class member and putative class member correspondence (including without limitation, claims forms and opt out forms) for one year after final distribution of funds or benefits, or until the date that the disposition of the case is no longer subject to appeal or review, whichever is later. Lastly, Simpluris will retain bank & tax documents for such period of time as it determines is required to maintain compliance with various federal and state requirements.

4. **Limitation of Liability; Disclaimer of Warranties.** Simpluris warrants that it will perform the Services diligently, with competence and reasonable care. Simpluris' only obligation will be to correct any non-conformance with the foregoing warranty. In no event will Simpluris be liable for any lost profits/opportunities, business interruption or delay or, special, consequential , or incidental damages incurred by Client relating to the performance of the Services, regardless of whether Client's claim is for breach of contract, tort (including negligence and strict liability) or otherwise. Under no circumstances will Simpluris be liable to Client for any claims, losses, costs, penalties, fines, judgment or damages, including court costs and reasonable attorney's fees (collectively, "Losses"), whether direct or indirect, arising out of, related to, or in connection with Services in an amount in excess of the total fees charged or chargeable to Client for the particular portion of the Services affected by Simpluris' omission or error. THE WARRANTIES SET FORTH IN THIS SECTION ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING WITHOUT LIMITATION ANY IMPLIED WARRANTY OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE.

5. **Force Majeure.** To the extent performance by Simpluris of any of its obligations hereunder is substantially prevented by reason of any act of God or because of any other matter beyond Simpluris' reasonable control, then such performance shall be excused and this Agreement, at Simpluris' option, be deemed suspended during the continuation of such condition and for a reasonable time thereafter.

6. **Rights in Data.** Client agrees that it will not obtain, nor does Simpluris convey, any rights of ownership in the programs, system data, or materials provided or used by Simpluris in the performance of the Services.

7. **Electronic Communications.** During the provision of the Services the parties may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents whether received on disk or otherwise.

8. **Notice.** Any notice required or permitted hereunder shall be in writing and shall be delivered personally, by, or sent by registered mail, postage prepaid, or overnight courier and shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in United States mail, or, if sent by courier, one business day after delivery to such courier service. Notice should be addressed to an officer or principal of Client and Simpluris, as the case may be.

9. **Waiver.** Failure or delay on the part of a party to exercise any right, power or privilege hereunder shall not operate as a waiver thereof or any of other subject, right, power or privilege.

10. **Termination.** Client may terminate the Services at anytime upon 30 days prior written notice to Simpluris. Termination of Services shall in no event relieve Client of its obligation make any payments due and payable to Simpluris in respect of Services rendered up to the effective date of Termination. Simpluris may terminate this Agreement (i) for any reason upon no less than 90 days prior written notice to the Client; or (ii) upon 15 calendar days' prior written notice, if the Client is not current in payment of fees.

11. **Jurisdiction.** The parties hereto irrevocably and unconditionally submit to the jurisdiction of the Court of the applicable case for purposes of any suit, action or proceeding to enforce any provision of, or based on any right arising out of, this Agreement. The parties hereto hereby irrevocably and unconditionally waive any objection to the laying of venue of any such suit, action or proceeding in such Court.

12. **Survival.** Any remedies for breach of this Agreement, this Section and the following Sections will survive any expiration or termination of this Agreement: Section 4 - Limitation of Liability; Disclaimer of Warranties, Section 6 – Rights in Data, and Section 12- Jurisdiction, 14 -Confidentiality, and Section 15 – Indemnification.

13. **Entire Agreement.** These Terms and Conditions and the proposal embody the entire agreement between the parties with respect to the subject matter hereof, and cancels and supersedes all prior negotiations, representations, and agreements related thereto, either written or oral, except to the extent they are expressly incorporated herein. No changes in, additions to, or waivers of, the terms and conditions set forth herein will be binding upon any party, unless approved in writing by such party's authorized representative.

14. **Confidentiality.** Simpluris maintains reasonable and appropriate safeguards to protect the confidentiality and security of data provided by Client to Simpluris in connection with the Services. If, pursuant to a court order or other proceeding, third party requests that Simpluris to disclose any confidential data provided by or for Client, Simpluris will promptly notify the Client unless prohibited by applicable law. Client will then have the option to provide Simpluris with qualified legal representation at Client's expense to defend against such request. If, pursuant to a court order, Simpluris is required to disclose data, produce documents, or otherwise act in contravention of the obligation to maintain confidentiality set forth in these terms and conditions, Simpluris will not be liable for breach of said obligation.

15. **Indemnification.** Client will indemnify and hold Simpluris (and the officers, employees, affiliates and agents harmless against any Losses incurred by Simpluris, arising out of, in connection with , or related to (i) any breach of the terms by Client; (ii) the processing and handling of any payment by Simpluris in accordance with Client's instructions, including without limitation, the imposition of any stop payment or void payment on any check or the wrongful dishonor of a check by Simpluris pursuant to Client's instructions.

16. **Severability.** If any term or condition or provisions of this Agreement shall be held to be invalid, illegal, unenforceable or in conflict with the law of any jurisdiction, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

17. **Database Administration.** Simpluris' database administration for Client assumes that Client will provide complete data that includes all information required to send notifications and calculate and mail settlement payments. Data must be provided in a complete, consistent, standardized electronic format. Simpluris' standardized format is Microsoft Excel, however, Simpluris may accept other formats at its discretion. Further developments or enhancements to non-standardized data will be billed to Client by Simpluris on a time and materials basis according to Simpluris' Standard Rates.




## Simpluris Security Summary – White Paper

Simpluris is committed to the security and overall protection of not only our data and information but our client's data and information, as well.  As a demonstration of our commitment, we maintain SOC 2 Certification which requires strict adherence to policies and procedures surrounding information security, including processing and storage of confidential customer data. Simpluris  supports a comprehensive, written Information Security Program that complies with all applicable laws and regulations (e.g. HIPAA, Gramm-Leach-Bliley Act, MA 201 CMR 17.00) and is designed to (a) ensure the security, privacy and confidentiality of Client and Class Member Information, (b) protect against any reasonably anticipated threats or hazards to the security or integrity of Client or Class Member Information, and (c) protect against unauthorized access to, use, deletion, or modification of Class Member Information.  Simpluris has designated specific employees to be responsible for the administration of its Information Security Program.  Also, Simpluris regularly and routinely monitors, tests, and updates our Information Security Program.

Simpluris uses Client and Class Member Information only for the purposes for which its' clients provide it, as described in any Agreements or Court Orders governing the provision of Simpluris' services in any particular case. Simpluris maintains a process for identifying, assessing, and mitigating the risks to Class Member Information in each relevant area of Simpluris' operations. At Simpluris, we continuously evaluate the effectiveness of the safeguards for controlling these risks to data and bank accounts.  Simpluris restricts access to Class Member Information only to those employees, agents, or subcontractors who need to know the information to perform their jobs.  Simpluris performs background checks of all its employees that will have access to Sensitive Personal Information, including a review of their references, employment eligibility, education, and criminal history to ensure they do not pose a risk to the security of Client or Class Member Information.

Simpluris adheres to the following industry best practices to safeguard its systems which process, store or transmit Client and Class Member Information:
- Identity and Access Management;
- Complex passwords are routinely and regularly changed;
- Role-based access control systems to limit individual     employee access to network applications and systems based on their particular job role and function;
- Data Loss Prevention and Intrusion Prevention System software at multiple layers to prevent from internal and external threats of data leaks, malicious activity, and policy violations
- Encryption of Class Member Information if transmitted over public or wireless networks (e.g., via email, FTP, the Internet, etc.);
- Implementation of a Secure File Transfer system (using SSL encryption) for transmitting documents back and forth to clients;
- Encryption of servers, portable media, laptops, desktops, smartphones, mobile devices, and new technologies that store Class Member Information;
- Complex password authentication for remote access to Company's networks;
- Upon hire and annually after that, training of all employees with access to Class Member Information, (including any agents, and subcontractors with access to Class Member Information) about their obligations to implement the Information Security Program;
- Strict disciplinary measures for employees who violate the Information Security Program;
- Preventing terminated employees from accessing Class Member Information;
- Appropriately configured and updated firewall, antivirus, and spyware software;
- Prompt application of vendor-recommended security patches and updates to systems and other applications to avoid any adverse impact on Class Member Information;
- Separation of Duties;
- Infrastructure and Physical Security;
- Business Continuity Planning;
- Disaster Recovery Planning