UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA BOWLES, et al.

        Plaintiffs,

v.

                                   Civil Case No. 20-12838
                                   Honorable Linda V. Parker

ERIC R. SABREE, et al.

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING IN PART AND GRANTING IN PART PETITION FOR INCENTIVE FEE ON BEHALF OF ANDRE OHANESSIAN [ECF NO. 71]</u>**

Class member, Andre Ohanessian ("Petitioner"), lost his property due to non-payment of approximately $6,282.24 in back taxes between 2011 and 2013. Defendant Oakland County ("Oakland County") subsequently auctioned his property, which was sold for $82,000.00. In 2015, Petitioner became one of two original plaintiffs in *Rafaeli, LLC v. Oakland County*, Oakland County Circuit Court Case No. 2015-147429-CZ, which alleged due-process and equal-protection violations as well as unconstitutional taking through the sale of their real properties by Oakland County in satisfaction of their tax debts and retaining surplus proceeds from tax-foreclosure sale of their properties. The second plaintiff, Rafaeli, LLC, settled its claim against Oakland County and received his property back as a result. Despite having the opportunity to settle at the time, Petitioner decided to move

1

forward with the litigation, which ultimately led to a Michigan Supreme Court determination, that among other things, aggrieved property owners had a vested right to the surplus proceeds and the government's retention amounted to an unconstitutional taking. *See Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020).

On October 22, 2020, Plaintiff Tanya Bowles—who was later joined by Plaintiff Bruce Taylor—filed this putative class action lawsuit on behalf of themselves and other similarly situated individuals against the following Defendants: (i) County of Wayne by its Board of Commissioners, also sometimes known as Charter County of Wayne by its Board of Commissioners ("Wayne"); (ii) County of Oakland ("Oakland"); (iii) Wayne Treasurer, Eric Sabree; and (iv) Oakland Treasurer, Andrew Meisner. Specifically, Plaintiffs claim that Defendants wrongfully retained the sales proceeds exceeding the taxes they owed on the properties and seek unpaid just compensation and other monetary damages.

This matter is presently before the Court on the "Petition for Incentive Fee on Behalf of Andre Ohanessian" filed on September 2, 2022. (ECF No. 71.) The motion has been fully briefed. (ECF Nos. 77, 78, 85, 96.) For the reasons that follow, the Court denies in part and grants in part the motion for an incentive fee.

## LEGAL STANDARD FOR INCENTIVE FEE AWARDS

The Sixth Circuit has held that incentive awards for class representatives

may be appropriate in some cases but has yet to explicitly define the circumstances justifying incentive awards. *See Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003); *see also In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013) ("Our court has never approved the practice of incentive payments to class representatives, though in fairness we have not disapproved the practice either.") (citation omitted). However, the Sixth Circuit recognizes "[i]ncentive awards are typically awards to class representatives for their often *extensive* involvement with a lawsuit." *Id.* (emphasis added); *see also Coulter-Owens v. Rodale Inc.*, No. 2:14-CV-12688, 2016 WL 8224304, at *2 (E.D. Mich. May 3, 2016) (determining that incentive fees may be appropriate when tailored to compensate class representatives for their "actions, time, and effort in prosecuting [an] action.").

Moreover, "when a class-action litigation has created a communal pool of funds to be distributed to the class members, courts have approved incentive awards to be drawn out of that common pool." *Hadix*, 322 F.3d at 898. Courts have provided certain factors to consider when determining whether to approve incentive fee awards:

> (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

3

*M.R. v. Lyon*, No. 17-11184, 2018 WL 4179635, at *5 (E.D. Mich. Aug. 31, 2018) (quoting *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991).

## ANAYLSIS

As an initial matter, Petitioner is not a class representative, which is "typically" a threshold for awarding incentive fees. *See Hadix*, 322 F.3d at 898. However, in a proposed order for final approval of the settlement pending before the Court, Oakland County seeks to make Petitioner a class representative. Because this indicates that parties do not dispute this action, the Court will consider Petitioner to be a class representative for purposes of this Order. The Settlement Agreement gives the Court the authority to award incentive fees. In relevant part, the Settlement Agreement provides the following:

> Settlement Class Counsel may also seek service awards for Class Representatives as part of their fee and expense application in accordance with Sixth Circuit practice. Any service awards approved by the Court shall be payable from the Fund.

(ECF No. 61-2 ¶ 14(b), Pg ID 1042.)

Petitioner seeks an incentive fee in the amount of 2.5–5% of the common fund, which amounts to approximately between $950,000–$1,900,000, or in the alternative, "a minimum of $113,382.24." (ECF No. 71 at Pg ID 1626–27; ECF No. 77 at Pg ID 1755.) The First factor weighs heavily in support of granting an

4

incentive fee award. Petitioner maintains that his "willingness to sue on behalf of himself and those similarly situated served to benefit hundreds if not thousands of individual class participants." (ECF No. 71 at Pg ID 1625.) For example, Petitioner notes that the pleadings and arguments in *Rafaeli* were novel to the state of Michigan, which directly led to a favorable ruling in the Michigan Supreme Court. The Court agrees. Had Petitioner settled in *Rafaeli* along with the second plaintiff, the present matter, including the Oakland Class settlement, would not exist. The Court acknowledges that Petitioner did not participate much in this litigation, but nevertheless, his contributions in *Rafaeli* paved the way for subsequent litigation and recovery.

The second factor is neutral to providing an incentive fee to Petitioner as he admits that the attorneys were hired on a contingency fee basis. (*Id.* at Pg ID 1625.) As such, there is no question that Petitioner has not assumed a direct or indirect financial risk in this litigation. *See Lyon*, 2018 WL 4179635, at *5. However, Petitioner maintains that he bore a direct financial risk because the Oakland County Circuit Court determined that the Michigan Supreme Court ruling in *Rafaeli* was not retroactive, which meant that Petitioner would receive no recovery in that case. This fact alone certainly qualifies as a substantial financial risk in *Rafaeli*, but not assuming any financial risk in the current litigation balances the risks involved.

5

The third factor—the amount of time and effort spent—weighs in favor of Petitioner. Defendant Oakland County maintains Petitioner did not spent any time and effort in this litigation, including the fact that he never sat for a deposition and "Oakland County can confidently say that they have never met [Petitioner]." (ECF No. 77 at Pg ID 1757.) Conversely, Petitioner maintains that time and effort was spent litigating *Rafaeli* when Petitioner had the opportunity to settle the case. Again, Petitioner's role in *Rafaeli* cannot be understated, including continuing to litigate the case through the original dismissal of the Oakland County lawsuit in 2015, when the Michigan Court of Appeals affirmed the decision in 2017, and once the decision was reversed by the Michigan Supreme Court in 2020. As such, this factor weighs in favor of granting Petitioner an incentive fee award.

The Court finds that Petitioner's request of 2.5–3% of the common fund, or in the alternative, $113,382.24 to be extreme and inconsistent with precedent in this Circuit. *See e.g., Bowman v. Art Van Furniture, Inc.*, No. 17-11630, 2018 WL 6444514, at *4 (E.D. Mich. Dec. 10, 2018) (awarding $2,000 for an incentive fee when plaintiff requested $5,000); *Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *12 (S.D. Ohio Feb. 7, 2014) (noting that "[t]here is precedent for incentive awards in the neighborhood of $1,000 to $5,000."); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010) (awarding incentive award of $5,000 to each of the class representatives); *see also,*

*e.g., Enter. Energy Corp.*, 137 F.R.D. at 251 (S.D. Ohio 1991) (approving incentive awards of $50,000 to each of the class representatives out of a settlement fund of $56.6 million); *In re Dun & Bradstreet Credit Servs. Customer Litig.,* 130 F.R.D. 366, 373–74 (S.D. Ohio 1990) (approving incentive awards ranging from $35,000 to $55,000 out of a $18 million settlement fund); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913–14 (S.D. Ohio 2001) (granting a $50,000 incentive award out of a $5.25 million fund).

The Court previously awarded incentive fees in this case to the other two class representatives for $5,000 each. (ECF No. 72 at PG ID 1648.) Because the Court acknowledges Petitioner's contribution to the overall lawsuit and settlement, and because Oakland County requests that if the Court does find Petitioner to be subject to an award, that it "not [] exceed $5,000," the Petitioner may receive $5,000 as an incentive fee from the common fund.

## CONCLUSION

The Court is denying Petitioner's request for 2.5–3% of the common fund, or in the alternative, $113,382.24. However, the Court will grant an incentive fee award to Petitioner of $5,000 for his efforts in *Rafaeli*, which directly contributed to the current lawsuit and settlement before the Court.

Accordingly,

7

**IT IS ORDERED** that the Petition for Incentive Fee on Behalf of Andre Ohanessian (ECF No. 71) is **DENIED IN PART** and **GRANTED IN PART**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 12, 2022