UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA BOWLES, for herself and all
those similarly situated,

and

BRUCE TALYOR, for himself and all
those similarly situated,

            Plaintiffs,

v.

ERIC R. SABREE, COUNTY OF
WAYNE BY ITS BOARD OF
COMMISSIONERS also sometimes
known as CHARTER COUNTY OF
WAYNE BY ITS BOARD OF
COMMISSIONERS, COUNTY OF
OAKLAND, and ANDREW MEISNER,

            Defendants.
_____/

Civil Case No. 20-12838
Honorable Linda V. Parker

## FINAL JUDGMENT AND ORDER OF DISMISSAL
## AS TO OAKLAND COUNTY

This action arises out of property tax foreclosures located in Wayne and Oakland counties. Plaintiffs Tonya Bowles and Bruce Taylor ("Plaintiffs"), former real property owners, allege violations of their constitutional rights and Michigan law in connection with the tax foreclosure process. (Amended Compl., ECF No. 17.) Plaintiffs filed a putative class action Complaint on behalf of themselves and

1

other similarly situated individuals against the following Defendants: (i) County of Wayne by its Board of Commissioners, also sometimes known as Charter County of Wayne by its Board of Commissioners ("Wayne"); (ii) County of Oakland ("Oakland"); (iii) Wayne Treasurer, Eric Sabree; and (iv) Oakland Treasurer, Andrew Meisner. Specifically, Plaintiffs claim that Defendants wrongfully retained the sales proceeds exceeding the taxes they owed on the properties and seek unpaid "just compensation" and other monetary damages. (*Id.* at Pg ID 180-87.)

On July 26, 2022, Plaintiff Taylor and Defendant Oakland County filed a "Joint Motion for Preliminary Approval of Settlement," (ECF No. 61), which the Court granted on September 6, 2022. (ECF No. 72.) On November 21, 2022, Oakland County filed a motion to approve the settlement entitled "Oakland County's Brief re: Fairness Hearing." (ECF No. 99.) The Court, having reviewed the papers submitted by the parties and having conducted a fairness hearing on November 22, 2022, approves the Class Action Settlement and dismisses all claims against Defendants Oakland County, its Board of Commissioners, and Andrew Meisner ("Oakland County"). Specifically, the Court **ORDERS** as follows:

1. Incorporated into this Final Judgment and Order of Dismissal is the Settlement Agreement between the parties, (ECF No. 61-2,) the modifications made to the Settlement Agreement, (ECF No. 98-1) (the "Modifications"), and the

2

combined Opinion and Order Preliminarily Approving the Class Action Settlement as to Oakland County, Granting Defendant Oakland County's Joint Motion for Approval of Notice Plan and Appointment of Claims Administrator, and Granting Class Counsels' Motion for Award of Attorneys' Fees and Incentive Fees For Class Representatives, entered by the Court on September 6, 2022. (ECF No. 72.)

2. Pursuant to Rule 23(a) and 23(b), the Court certifies the following Settlement Class as to Oakland County only:

> All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount. The period at issue is June 8, 2009 through July 17, 2020. Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

3. The Court finds as to Oakland County only that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Class and they predominate over any questions affecting only individual Class Members; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs and their attorneys will fairly and adequately protect the interests of the Class; and (e) a class action is the superior means of resolving this

controversy.

4. The Court appoints Bruce Taylor, Andre Ohanessian and Home Opportunity, LLC as Class Representatives against Defendant Oakland County pursuant to Rule 23(a) and appoints their attorneys, David J. Shea, Philip L. Ellison, Matthew E. Gronda, Aaron D. Cox and Mark K. Wasvary, as Class Counsel pursuant to Rule 23(g).

5. The Court finds that the Settlement Agreement's plan for Class Notice, as described in the Joint Motion for Approval of Notice Plan and previously approved by the Court, is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1). The Notice Plan was implemented in accordance with that Order. The period in which Class Members may make a claim is extended to March 1, 2023, pursuant to the Modifications. The method for processing class members' claims is approved.

6. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

7. The Court finds that class representative, Andre Ohanessian, shall receive a $5,000 incentive fee award per the Court's Order. (ECF No. 105.)

8. Pursuant to Rule 23(e), the Court grants final approval of the Settlement Agreement and the Modifications in all respects, including the

Settlement Fund amount, the releases and covenants not to sue, the attorneys' fees of $11,000,000, and the dismissal with prejudice of all claims asserted against Oakland County and finds the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Class. In reaching this conclusion, the Court concludes that:

    a. The Settlement Agreement and the Modifications were fairly and honestly negotiated by experienced counsel and are the result of arm's length negotiations undertaken in good faith and with the assistance of two experienced retired judges acting as mediators. The Class Representatives and Class Counsel have adequately represented the Class.

    b. The relief provided for the class is adequate. The case involves contested issues of law and the value of an immediate monetary recovery outweighs the possibility of future relief after protracted litigation.

    c. The settlement treats class members equitably relative to each other when considering the differences in their claims.

    9. The distribution of the Settlement Fund, as described in the Settlement Agreement and the Modifications, is approved.

    10. The persons identified on Exhibit A (ECF No. 98-2) have filed requests for exclusion from the Class and, except as noted on Exhibit A as to validity, are excluded from the Class subject to adjudication by the Claims

Administrator, may not make any claim on or receive any benefit from the Settlement Fund and are dismissed without prejudice and without costs.

11. Upon the Effective Date (as set forth in paragraph 7 of the Settlement Agreement), the Class Representatives and members of the Settlement Class shall be deemed to have fully, finally and forever released, relinquished and discharged Oakland County, its Board of Commissioners, and its Treasurer from any and all claims of any kind as further set forth in paragraphs 18-20 of the Settlement Agreement.

12. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court retains continuing jurisdiction over the implementation of the Settlement Agreement and the Modifications, any award or distribution of the Settlement Fund (including the validity of any claims) the resolution of any disputes related to the Settlement Agreement and the Modifications, including the scope of the releases and covenants not to sue. This Court is a proper venue and convenient forum for those matters.

13. If the Settlement Agreement and Modifications do not become effective pursuant to their terms, then this Final Judgment and Order of Dismissal shall be null and void.

14. As to Oakland County only, this case is dismissed with prejudice and, except as provided for in the Settlement Agreement and Modifications and the order of the Court granting fee, expense and service awards, without costs.

15. Pursuant to Rule 54(b), the Court finds there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal as to Oakland County.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 12, 2022