No. 20-12838
The Honorable Linda V. Parker

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA BOWLES, et al
*Plaintiffs*

v.

ERIC R. SABREE, et al
*Defendants*

## STIPULATED ORDER TO SEVER

This action was brought by plaintiffs Tonya Bowles ("Bowles") and Bruce Taylor. Plaintiff Bowles, on behalf of herself and a proposed class, sought redress against Wayne County and its treasurer, Eric Sabree, arising out of the foreclosure of her real property in Wayne County for unpaid real property taxes. Plaintiff Taylor, on behalf of himself and a proposed class, sought redress against Oakland County and its treasurer, Andrew Meisner, for substantially the same claims relating to his Oakland County Property. Wayne County and Mr. Sabree have

previously sought to sever Mr. Taylor's claims against them into a separate action. *See generally* E.C.F. 74.

Mr. Taylor, on behalf of himself and class, settled with the Oakland County defendants. This settlement was preliminarily approved, E.C.F. 72, and finally approved on December 12, 2022, E.C.F. 106 (the "Oakland County Settlement"). The Wayne County defendants appealed final approval of the Oakland County Settlement. E.C.F. 109.

Previously, the Wayne Defendants filed a F.R.C.P. 23(f) Petition as to class certification, which was granted by the Sixth Circuit on March 15, 2023 and is now pending (E.C.F. 123, Sixth Circuit Case No. 23-1256).

In addition, the Wayne Defendants have an appeal pending before the Sixth Circuit on immunity issues (E.C.F. 86, Sixth Circuit Case No. 22-1912). Both appeals arise from Omnibus Orders, which among other items, granted class certification and denied motions to dismiss. (E.C.F. 47 and 72).

Rule 21 of the Federal Rules of Civil Procedure grant the Court broad discretion in determining whether to sever claims into separate actions. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). Severance, even in the absence of misjoinder, is appropriate where it

2

would advance settlement of claims or judicial economy. *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682 (S.D. Ohio 2014). Severance of claims creates two discrete, independent actions which then proceed as separate suits. *Kitchen v. Heyns*, 802 F.3d 873, 874 (6th Cir. 2015). Courts treat severed claims as if the plaintiff had originally filed two separate lawsuits. *Id.* at 875.

Based upon the relief being stipulated to below, the Court does find that severance of plaintiff Bowles' claims, on behalf of herself and the Wayne County Class, against the Wayne County defendants would more efficiently advance this litigation. It is therefore **ORDERED**:

1. Bowles' claims, on behalf of herself and the Wayne County Class against Wayne County and Eric Sabree shall be severed from this action pursuant to F.R.C.P. 21.

2. The Clerk of the Court shall assign a new case number for these claims against the Wayne County defendants and mark the new case as related to this original action and assign it to the undersigned judge.

3. From the date notice of the new case number is given, Class Counsel shall have 30 days to pay the appropriate filing fee, if any, and file an amended complaint in that new case, which will not contain any

new claims nor parties and be directed against the Wayne County defendants only. This paragraph shall not prejudice any later request to add new claims or parties nor prejudice any opposition to such a request, if made.

4. All prior rulings of the Court in this matter will be applicable in the severed case and all appellate rights shall be preserved, including the Wayne County defendants appeals before the Sixth Circuit set forth above, except that the Wayne County defendants will withdraw, and immediately dismiss their appeal regarding the Oakland County Settlement, and thereafter waive any right they allege to have to appeal the Oakland County Settlement and related attorney fees and service fees among Class Counsel, Plaintiff Taylor and others and Oakland County. Class Counsel and Oakland County will also withdraw and dismiss their pending motions in the Sixth Circuit relating to the Wayne County defendants appeal regarding the Oakland County Settlement.

**IT IS SO ORDERED.**

                                                          s/ Linda V. Parker
                                                          LINDA V. PARKER
                                                          U.S. DISTRICT JUDGE

Dated: April 25, 2023

5

I stipulate to entry of the above order:

Date: <u>April 20, 2023</u>                    /S/ William H. Horton, Esq.
                                                          WILLIAM H. HORTON (P31567)
                                                          Attorney for Oakland Cnty. Defs.

Date: <u>April 20, 2023</u>

                                                          /S/ Theodore W. Seitz, Esq.
                                                          THEODORE W. SEITZ (P60320)
                                                          Attorney for Wayne Cnty. Defs.

Date: <u>April 20, 2023</u>

                                                          /S/ Aaron D. Cox, Esq.
                                                          AARON D. COX (P69346)
                                                          Attorney for Plaintiffs

120950.000004 4859-0399-4973.1